### PEOPLE v. FRAZIER

1. CRIMINAL LAW—TRIAL—EVIDENCE—COMPLAINING WITNESS—UN-AVAILABILITY—PRELIMINARY EXAMINATION.

    Admission in evidence during a criminal trial of the testimony given by the complaining witness at defendant's preliminary examination *held*, proper where it was shown that the complaining witness was in Vietnam with the armed forces when the case came to trial and defendant's counsel had cross-examined the absent complaining witness at the examination (CL 1948, § 768.26).

2. CRIMINAL LAW—TRIAL—EVIDENCE—COMPLAINING WITNESS—UN-AVAILABILITY—APPEAL AND ERROR.

    Defendant's failure to make a specific objection at trial precludes an appellate attack on the showing of unavailability of a complaining witness whose testimony from preliminary examination was used at the trial.

3. CRIMINAL LAW — EVIDENCE — COMPLAINING WITNESS — UNAVAIL-ABILITY — APPEAL AND ERROR.

    Defendant's statement that there was no reason to have his trial at the particular time when it was held rather than waiting for the complaining witness to become availabl. *held*, not an objection to the allegation that the complaining witness was unavailable.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  21 Am Jur 2d, Criminal Law § 343.
[2, 3]  21 Am Jur 2d, Criminal Law § 344.
[5]  21 Am Jur 2d, Criminal Law § 254.

4. CRIMINAL LAW—DUE PROCESS—RIGHT OF CONFRONTATION—TRIAL
   —PRELIMINARY EXAMINATION.
   Use of the preliminary examination testimony of the complaining
   witness at defendant's trial because the complaining witness
   was unavailable *held* not a denial of defendant's right to con-
   front witnesses against him where defendant had an opportu-
   nity to cross-examine the witness at the preliminary examina-
   tion.

5. CRIMINAL LAW—DUE PROCESS—SPEEDY TRIAL—DEMAND.
   Defendant in a criminal case must demand a speedy trial before
   his claim that he was denied a speedy trial will be considered
   on appeal.

Appeal from Recorder's Court of Detroit, Elvin A. Davenport, J. Submitted Division 1 December 10, 1968, at Detroit. (Docket No. 4,656.) Decided February 24, 1969.

Christopher Frazier was convicted of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Stephen H. Boak,* Assistant Prosecuting Attorney, for the people.

*Donald L. Hobson,* for defendant on appeal.

BEFORE: McGREGOR, P. J., and FITZGERALD and CYNAR,* JJ.

McGREGOR, P. J. Defendant was arrested in July, 1966, on a charge of assault with intent to rob and steal, being armed.[1] The examination, at which the

---

* Circuit Judge, sitting on the Court of Appeals by assignment.
[1] CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284).

defense counsel cross-examined the complaining
witness, was held later the same month. Defendant
was convicted in a non-jury trial beginning in May,
1967. The trial did not begin on the original date
set, as neither a courtroom nor the defense counsel
were available. Once the trial began, the mother
of the complaining witness testified that he was in
Vietnam, serving in the armed forces. Defense
counsel stated that, although he did not object to
the admission of the complaining witness's testi-
mony from the examination, he did not believe it nec-
essary to conduct the trial before the complaining
witness was available. The court ruled that the
preliminary examination transcript was admissible,
and it was read into the record.

The issues are: (1) whether the court erred by
ruling the complaining witness's examination testi-
mony admissible, (2) whether the proceedings denied
defendant his constitutional right to confront the
complaining witness, and (3) whether defendant was
denied his constitutional right to a speedy trial.

No error was committed by the admission of the
preliminary examination testimony of the complain-
ing witness. CL 1948, § 768.26 (Stat Ann 1954 Rev
§ 28.1049). There was both a showing by the
prosecution that the witness was unavailable and an
acceptance by defense counsel, on the record, of
that unavailability. The present situation is anal-
ogous to the fact situations in *People* v. *Boyles*
(1968), 11 Mich App 417, and *People* v. *Duster-
winkle* (1966), 3 Mich App 150, where the court ruled
that there was no judicial abuse of discretion in the
admission of preliminary examination testimony be-
cause the witness's unavailability was shown by the
prosecution, and acknowledged by defense counsel.
Defendant's failure to make a specific objection at
the trial precludes an appellate attack on the show-

ing of unavailability or a charge that defendant was denied his right to confront the witness. See *Morris* v. *Radley* (1943), 306 Mich 689, 699. The record does not support the claim in defendant's appellate brief that he objected to the admission of the transcript containing the complaining witness's testimony. Defendant's objection was that there was no reason to have the trial that time rather than when the principal witness was available.

Counsel appearing for defendant at trial cross-examined the complaining witness at the preliminary examination. Thus, the introduction into evidence of the examination transcript did not deny defendant his right to confront the witness. *Pointer* v. *Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L Ed 2d 923); *People* v. *Batten* (1967), 9 Mich App 195; *People* v. *Doverspike* (1966), 5 Mich App 181.

Finally, defendant argues that the delay in beginning the trial was prejudicial, as it deprived him of his 6th Amendment right to a speedy trial. The prosecution replies that a speedy trial must be demanded. The prosecution is correct.

Under Michigan law, a defendant desirous of exercising his right to a speedy trial must make a proper demand upon the court. *People* v. *Miklovich* (1965), 375 Mich 536; *People* v. *Duncan* (1964), 373 Mich 650; *People* v. *Foster* (1933), 261 Mich 247; *People* v. *Nawrocki* (1967), 6 Mich App 46. The record does not contain a demand or any other recorded attempt by defendant to obtain his right to a prompt disposition of the criminal accusation against him. The only indication of any sentiment on this issue was defendant's objection, raised at the admission of the preliminary examination testimony, that the trial should be held later. That objection and the present argument raised on appeal are

mutually exclusive, and the record does not support defendant's contention.

The Michigan demand requirement is not inconsistent with *Klopfer* v. *North Carolina* (1967), 386 US 213 (87 S Ct 988, 18 L Ed 2d 1), which held the 6th Amendment right to a speedy trial applicable to the states through the due process clause of the 14th Amendment. The right to a speedy trial is the right to have the prosecution of a criminal accusation within a reasonable time. Considering the delays and docket congestion in the courts and the absence of any recorded demand for a speedy disposition of his case, we do not believe the 10-month wait between arrest and trial violated defendant's right to a speedy trial. We find no merit in defendant's appellate arguments.

Conviction affirmed.

All concurred.