PEOPLE *v.* KENNEDY

1. Criminal Law—Due Process—Speedy Trial—Demand.
   A defendant must make a timely and proper demand for arraignment during the period when he remains unarraigned to assert that his right to a speedy trial has been violated.

2. Criminal Law—Due Process—Speedy Trial—Demand.
   Defendant's failure to demand an arraignment waives whatever objection he might have had to not obtaining a speedy trial.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 January 8, 1970, at Grand Rapids. (Docket No. 5,238.) Decided March 27, 1970. Rehearing denied May 14, 1970.

Michael Kennedy was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Wesley J. Nykamp,* Chief Appellate Attorney, for the people.

*Rhoades, McKee & Boer* (*Daniel Murray,* of counsel), for defendant.

Before: V. J. Brennan, P. J., and R. B. Burns and T. M. Burns, JJ.

Per Curiam. On January 17, 1968, the defendant was found guilty by a jury in Kent County circuit court of breaking and entering in violation of MCLA

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 254.
[2] 21 Am Jur 2d, Criminal Law § 253.
   Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.

§ 750.110 (Stat Ann 1970 Cum Supp § 28.305).  He was sentenced to 1-1/2 to 10 years in the state prison on February 7, 1968, and given credit for one day served prior to conviction.  On March 28, 1969, additional credit was ordered by this Court for time served in Federal custody.

On appeal, defendant's sole allegation of error is that he was denied his right to a speedy trial since he was not arraigned until 111 days after the warrant for his arrest was issued.

On March 24, 1967, the warrant for breaking and entering was issued by Kent County Circuit Court. On that same date, a state police officer took the warrant to Montcalm County jail where defendant was serving a sentence on a reckless driving conviction.  Defendant was at that time allowed to read the warrant, thereby giving him notice of the charges against him.

Upon defendant's release from the Montcalm County jail on May 12, 1967, he was arrested and delivered to Kent County jail where he was booked on the breaking and entering charge.

Before this time, on May 9, 1967, a writ of habeas corpus *ad prosequendum* had been issued by the Federal District Court for southern Florida.  Pursuant to this writ, defendant was released to the custody of a Federal marshal and taken to Florida on May 16, 1967.

On July 12, 1967, the defendant was returned to the Kent County jail.  He was arraigned on the following day and released on his own recognizance. His jury trial in Kent County Circuit Court resulted in a guilty verdict, and he was sentenced.  On September 15, 1969, defendant was placed on parole for two years.

At no time prior to or during the trial did defendant raise the question of the delay in arraignment.

It was not until he had been tried and convicted and sentenced that he complained of the delay. Had he made a timely and proper demand for arraignment during the period during which he remained unarraigned, and had arraignment been refused, he certainly would have had the right to be discharged on a writ of habeas corpus.

To preserve the right of speedy trial, a defendant must demand it. *People* v. *Miklovich* (1965), 375 Mich 536; *People* v. *Duncan* (1964), 373 Mich 650; *People* v. *Foster* (1933), 261 Mich 247; *People* v. *Frazier* (1969), 16 Mich App 38, 41; *People* v. *Nawrocki* (1967), 6 Mich App 46. Therefore, since defendant did not demand arraignment, he waived whatever objection he might have had.

Although *Klopfer* v. *North Carolina* (1967), 386 US 213 (87 S Ct 988; 18 L Ed 2d 1) does say that the right to speedy trial is as fundamental as any of the rights secured by the Sixth Amendment, this Court has already held that there is nothing inconsistent between *Klopfer* and the requirement of a demand. *People* v. *Frazier, supra,* at p 42. Nor is *Smith* v. *Hooey* (1969), 393 US 813 (89 S Ct 575; 21 L Ed 2d 607, 614), where the Court said that a state had "a constitutional duty to make a diligent, good-effort to bring him" to trial, inconsistent with the demand requirement, since there was a demand in *Hooey*.

Even though we might not require such a demand as a prerequisite to the retention of such a valuable right if the question were before us without prior law having been made on the subject, we cannot but affirm the conviction here, as the case law in this and other jurisdictions (57 ALR2d 326) on the demand requirement is clear.

Affirmed.