PEOPLE *v.* OWENS

1. CRIMINAL LAW—APPEAL AND ERROR—CLEAR INJUSTICE.

Raising an issue for the first time on appeal that a lineup was unfair because defendant was the only one in the lineup wearing a goatee is too late, where no clear injustice is demonstrated.

2. CRIMINAL LAW—DUE PROCESS—SPEEDY TRIAL—DEMAND.

Defendant in a criminal case must demand a speedy trial before his claim that he was denied a speedy trial will be considered on appeal.

3. EVIDENCE—QUESTION FOR JURY.

The function of the jury as the trier of fact is to resolve any conflicts in the evidence.

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 October 13, 1970, at Detroit. (Docket No. 8,179.) Decided October 26, 1970.

Wilmer D. Owens was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 368.
[2] 21 Am Jur 2d, Criminal Law §§ 245, 253, 254.
[3] 30 Am Jur 2d, Evidence §§ 1082, 1083, 1087, 1124.

Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Angelo A. Pentolino*, Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant.

Before: J. H. Gillis, P. J., and Danhof and Mahinske,* JJ.

Per Curiam. The defendant was convicted by a jury of robbery armed, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797), and sentenced to a term of 10 to 20 years in prison.

On appeal the defendant has stated that the trial judge erred in denying his motion for a directed verdict, because the victim was not sure of his identification of the defendant. This assertion is clearly contradicted by the record. The victim made a positive identification of the defendant.

The defendant also claims the lineup was unfair because he was the only one of the six men in the lineup that was wearing a goatee. A lawyer was present at the lineup to assure its fairness. No motion to suppress the evidence of the pretrial identification was made, nor was there any objection to the in-court identification at the trial. Raising this issue for the first time on appeal is too late, no clear injustice having been demonstrated. *People* v. *Ray Clifton Smith* (1969), 20 Mich App 243.

The next question is whether a delay of over a year between the defendant's arrest and his trial violated the defendant's right to a speedy trial. The defendant made no demand for a speedy trial. Therefore, he is precluded from raising this question on appeal. *People* v. *Frazier* (1969), 16 Mich App 38.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Lastly, the defendant argues that the trial court erred in allowing the case to go to the jury because there were conflicts in the testimony of some of the witnesses. There is no merit in that position. It is the function of the trier of fact to resolve any conflicts in the evidence. *People* v. *Moss* (1969), 16 Mich App 295.

Affirmed.