PEOPLE *v.* LOVE

CRIMINAL LAW—APPEAL AND ERROR—SPEEDY TRIAL—DEMAND—PRE-
SERVING QUESTION FOR REVIEW.
   A criminal defendant who made no formal or informal demand
   for a speedier trial before the actual trial cannot complain on
   appeal about the delay.

Appeal from Recorder's Court of Detroit, Robert
E. DeMascio, J.  Submitted Division 1 December 8,
1970, at Detroit.  (Docket No. 7211.)  Decided Feb-
ruary 22, 1971.  Leave to appeal denied October
14, 1971.  386 Mich 756.

William J. Love was convicted of armed robbery.
Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Luvenia D. Dock-
ett,* Assistant Prosecuting Attorney, for the people.

*Burton L. Borden,* for defendant on appeal.

Before: LESINSKI, C. J., and LEVIN and O'HARA,*
JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

---

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 253, 254.
Waiver or loss of accused's right to speedy trial.  129 ALR 572,
   s. 57 ALR2d 302.

PER CURIAM. William J. Love appeals his conviction of robbery armed. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). The only assignment of error argued in defendant's brief on appeal is the claim that he was denied a speedy trial.

Love was arrested on the day the crime was committed, February 20, 1968. Examination was waived on March 6, 1968, and the information was filed April 4, 1968. On August 1, 1968, he pled guilty to the offense of attempted robbery armed. His motion to set aside his guilty plea was granted on September 5, 1968, and the trial at which he was convicted commenced on February 10, 1969. The court file shows that the adjournments in the trial date were due to the illness and hospitalization of the attorney assigned by the court to represent the defendant.

No formal or informal demand for a speedier trial was made by Love before the actual trial. Absent proper demand, he may not, under a long line of decisions, be heard now to complain. *People* v. *Duncan* (1964), 373 Mich 650, 656; *People* v. *Miklovich* (1965), 375 Mich 536, 539; *People* v. *Frazier* (1969), 16 Mich App 38, 41; *People* v. *Owens* (1970), 27 Mich App 359.

The other contentions, none of which are argued, are clearly without merit.

Love was apprehended a short time after the robbery. The weapon and the loot were found on his person. He was identified by the victim and a number of witnesses. The evidence of his guilt is overwhelming. We are convinced that Love had a fair trial and was properly convicted.

Affirmed.