PEOPLE *v* HALL

1. Criminal Law—Speedy Trial—Failure to Demand.
   Contention that an eight-month delay between granting a motion for a handwriting expert and a motion for trial adjournment deprived a criminal defendant of a speedy trial was not reviewed on appeal where defendant did not make a demand for a speedy trial.

2. Criminal Law—Defendant Testifying—Credibility—Belief in God—Preserving Question.
   An appellate court will not reverse a criminal conviction merely because the prosecutor asked the defendant if he believed in a Supreme Being where no objection was raised below and no manifest injustice appears on the record.

Appeal from Recorder's Court of Detroit, Henry L. Heading, J. Submitted Division 1 February 7, 1972, at Detroit. (Docket No. 10842.) Decided March 28, 1972. Leave to appeal applied for.

James D. Hall was convicted of uttering and publishing a forged instrument. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

---

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 254.
[2] 53 Am Jur, Trial § 351.

*Arthur J. Tarnow,* State Appellate Defender, and *Martin I. Reisig,* Assistant Defender, for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. The defendant was convicted by a jury in Detroit Recorder's Court of uttering and publishing, MCLA 750.249; MSA 28.446. He was sentenced by the trial court to a term of 5 to 14 years and appeals as of right.

Defendant raises two issues on appeal. First, he alleges that an eight-month delay between granting a motion for a handwriting expert and a motion for trial adjournment deprived him of his right to a speedy trial. No demand for a speedy trial was made. The law is clear that, absent such a demand, defendant may not complain on appeal. *People* v *Duncan,* 373 Mich 650 (1964); *People* v *Miklovich,* 375 Mich 536 (1965); *People* v *Love,* 31 Mich App 85 (1971).

Defendant also contends that the prosecutor committed reversible error by asking defendant if he believed in a Supreme Being. MCLA 600.1436; MSA 27A.1436. No objection was raised below. This Court will not pass on issues raised for the first time on appeal unless manifest injustice appears on the record. *People* v *White,* 25 Mich App 176 (1970). A review of the record reveals no such injustice.

Affirmed.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.