PEOPLE *v.* WALLACE

1. CRIMINAL LAW—SPEEDY TRIAL—PRESERVING RIGHT—DEMAND.
   A defendant fails to preserve his right to a speedy trial unless
   he demands a speedy trial at the trial level.

2. CRIMINAL LAW—SPEEDY TRIAL—DELAYED TRIAL—REASONABLE
   DELAY.
   Defendant was not denied her right to a speedy trial even though
   there was a 21-month delay between arraignment and trial
   where much of the delay resulted from defendant's own
   motions and a delay attributable to the people necessitated to
   allow them to prepare their case and to obtain a witness
   was reasonable and presented a tenable reason for deferring
   the trial.

3. CRIMINAL LAW—WAIVER OF RIGHTS—BEFORE DETENTION.
   Defendant's answers to police questions asking her name and if
   she had been at the scene of the crime charged were admissible,
   even though the answers were given before defendant had been
   advised of her constitutional rights, where the questions were
   asked before there was any attempt to detain the defendant.

4. CRIMINAL LAW—EVIDENCE—DEFENDANT'S STATEMENT—ORDER OF
   PRESENTATION.
   Failure to sustain an objection to reading into evidence defend-
   ant's formal statement to the police was not error where the
   prosecution first read the statement, the defense moved for a
   mistrial on the ground that the statement should first have been
   offered as an exhibit, and then the prosecution offered the
   statement into evidence as an exhibit.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 245, 253, 254.
   Waiver or loss of accused's right to speedy trial.   129 ALR 587
   supp. 57 ALR2d 302.
[2] 21 Am Jur 2d, Criminal Law § 251 *et seq.*
   Waiver or loss of accused's right to speedy trial.   129 ALR 574
   supp. 57 ALR2d 302.
[3] 21 Am Jur 2d, Criminal Law §§ 312 *et seq.*, 349 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 368.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 February 4, 1971, at Detroit. (Docket No. 7607.) Decided April 27, 1971.

Sadie Lee Wallace was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Wilfred C. Rice,* for defendant on appeal.

Before: J. H. Gillis, P. J., and R. B. Burns and Levin, JJ.

Per Curiam. On February 4, 1969, the defendant was found guilty of murder in the second degree.[1] Defendant was arraigned on March 17, 1967, but the trial did not commence until January 27, 1969. Defendant claims that the 21-month delay between the date of arraignment and the date of trial violated her constitutional[2] and statutory[3] right to a speedy trial.

In a triad of cases[4] the United States Supreme Court guaranteed to defendants of state criminal prosecutions the right to speedy trials. However, by

---

[1] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

[2] US Const, Ams 6, 14; Const 1963, art 1, § 20.

[3] MCLA § 768.1 (Stat Ann 1954 Rev § 281.1024).

[4] *Klopfer* v. *North Carolina* (1967), 386 US 213 (87 S Ct 988, 18 L Ed 2d 1); *Smith* v. *Hooey* (1969), 393 US 374 (89 S Ct 575, 21 L Ed 2d 607); *Dickey* v. *Florida* (1970), 398 US 30 (90 S Ct 1564, 26 L Ed 2d 26).

Michigan precedent defendants fail to preserve this right unless demanded at trial level. *People* v. *Kennedy* (1970), 23 Mich App 6. In addition it is evident to this Court, after reviewing the record, that much of the delay complained of resulted from defendant's own counsel's motions. The delay traceable to the prosecution was reasonable under the circumstances. The prosecution has the right to a reasonable time period in preparing its case[5] and delay associated with the need to obtain a prosecution witness, as in this case, presents a "tenable reason for deferring the trial". *Dickey* v. *Florida* (1970), 398 US 30, 36 (90 S Ct 1564, 26 L Ed 2d 26). Unlike the situation in the *Dickey* case, no evidence of actual prejudice is presented.

Defendant next asserts as error the trial court's refusal to suppress her response to two police inquiries concerning her name and whether she had been at the scene of the crime. Both inquiries were made prior to the time defendant was advised of her rights under *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR 3d 974). The trial court in accordance with *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331, held a hearing to determine the admissibility of the statements. The trial court determined, and the record supports the determination, that these questions were asked before there was any attempt to detain the defendant.

The people's case against the defendant does not depend at all on the responses which she gave to the two questions, nor did such responses lead the police to other evidence used to convict her.

The objection to the reading into evidence of the defendant's formal statement to the police following

[5] *People* v. *Den Uyl* (1948), 320 Mich 477.

her arrest is without merit. An assistant prosecuting attorney offered the statement as an exhibit when, following the reading of the statement, the defendant's attorney moved for a mistrial on the ground that the statement should have been offered as an exhibit before it was read.

The numerous other assignments of error are either without merit or specifically refuted by the record. There was sufficient evidence, if believed by the jury, to sustain the verdict.

Affirmed.