## PEOPLE v WICKHAM

Docket No. 155154. Submitted April 6, 1993, at Lansing. Decided June 7, 1993, at 10:20 A.M.

Robert H. Wickham was charged in the 52nd District Court with operating a motor vehicle while impaired, third offense. The court, Brian W. MacKenzie, J., dismissed the charge with prejudice approximately two years later on the basis that Wickham had been denied his right to a speedy trial. The court found that more than eighteen months had passed since the defendant's arrest and therefore it was presumed that he had been prejudiced by the delay. Among the occurrences during the delay, the charge had been dismissed once without prejudice and had been reinstated. The people appealed, and the Oakland Circuit Court, Francis X. O'Brien, J., affirmed. The people appealed by leave granted.

The Court of Appeals *held:*

1. The defendant was not denied a speedy trial. He was responsible for 6½ months of the delay during the period between his plea of no contest and the first adjourned trial date. The delay between the dismissal without prejudice and the reinstatement of the charges should not be attributed to either party because there were no charges pending against the defendant during those three months. Although the original dismissal of the charges was due to the prosecutor's failure to prepare for trial, there is no indication that the dismissal was the result of any bad faith on the part of the prosecutor. The remaining 14½-month delay, excluding the approximately one-month delay due to the prosecutor's failure to be prepared for trial, primarily was due to delays inherent in the court system. Although such delays are technically attributable to the prosecution, they are given a neutral tint and are assigned only

REFERENCES

Am Jur 2d, Criminal Law §§ 656, 657, 860, 863.

Application of speedy trial statute to dismissal or other termination of prior indictment or information and bringing of new indictment or information. 39 ALR4th 899.

Accused's right to speedy trial under Federal Constitution—Supreme Court cases. 71 L Ed 2d 983.

minimal weight in determining whether a defendant has been deprived of the right to a speedy trial.

2. The defendant's failure to assert his right to a speedy trial until twenty months after he was arrested weighs against a finding that he was denied a speedy trial.

3. Neither the defendant personally nor his defense suffered prejudice as a result of the delay.

Reversed and remanded.

FITZGERALD, J., dissenting, stated that the defendant was denied his right to a speedy trial. The time between the arrest and the initial dismissal and the time between the indictments should be counted against the prosecution. Prejudice to the defendant is presumed, because the delay covered the entire twenty-four-month period from the arrest to the final dismissal, and three-fourths of the total delay was attributable to the prosecution. The defendant timely asserted his right to a speedy trial, and suffered prejudice to his defense as a result of the delays. The prosecution failed to rebut the presumption that the defendant was denied the right to a speedy trial.

1. CRIMINAL LAW — SPEEDY TRIAL — CONSTITUTIONAL LAW.

The factors to be considered in determining whether a defendant has been denied the right to a speedy trial are the length of the delay, the reason for the delay, the defendant's assertion of the right to a speedy trial, and any prejudice to the defendant (US Const, Am VI; Const 1963, art 1, § 20).

2. CRIMINAL LAW — SPEEDY TRIAL — CONSTITUTIONAL LAW.

A delay of more than eighteen months in bringing a defendant to trial is presumed to be prejudicial; the prosecution has the burden of proving a lack of prejudice to the defendant (US Const, Am VI; Const 1963, art 1, § 20).

3. CRIMINAL LAW — SPEEDY TRIAL — CONSTITUTIONAL LAW.

The time between the dismissal without prejudice of a criminal charge and the reinstatement of the charge is not attributable to either side in determining whether a defendant's right to a speedy trial has been violated if there were no charges pending against the defendant during that time (US Const, Am VI; Const 1963, art 1, § 20).

4. CRIMINAL LAW — SPEEDY TRIAL — CONSTITUTIONAL LAW — INHERENT DELAYS.

Delays inherent in the court system such as docket congestion, scheduling of pretrial conferences, and adjournments to permit the filing of motions and answers to motions, although techni-

cally attributable to the prosecution, have a neutral tint and should be given only minimal weight in determining whether a defendant's right to a speedy trial has been violated (US Const, Am VI; Const 1963, art 1, § 20).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas R. Grden,* Assistant Prosecuting Attorney, for the people.

*Cooper, Shifman, Gabe, Quinn & Seymour* (by *Philip H. Seymour*), for the defendant.

Before: GRIFFIN, P.J., and REILLY and FITZGERALD, JJ.

REILLY, J. The people appeal by leave granted a circuit court order affirming a district court's dismissal, on speedy trial grounds, of a charge of operating a motor vehicle while impaired, third offense, MCL 257.625b; MSA 9.2325(2). We reverse.

Defendant was arrested on January 18, 1990, and charged with the offense. On May 8, 1990, defendant entered a plea of no contest to the impaired-driving charge. However, in June 1990, defendant brought a motion to reduce the charge from impaired driving, third offense, to impaired driving, second offense. Defendant's motion was apparently unsuccessful, and he moved to withdraw his plea. The motion to withdraw the plea was granted, and trial was set for September 24, 1990. Trial was adjourned twice, once at defendant's request and once at the people's request. On November, 19, 1990, the last adjourned date for trial, the people again requested an adjournment. The request was denied, and the charge against defendant was dismissed without prejudice.

Three months later, on February 19, 1991, de-

fendant was again charged with the impaired-driving offense. A pretrial conference was scheduled for May 16, 1991. However, apparently because of a misunderstanding between the prosecutor and defendant's attorney, defendant was not present. Another pretrial conference was set for July 15, 1991, and on that date trial was scheduled for August 28, 1991. However, trial was apparently adjourned until the court heard defendant's motion to dismiss, which was scheduled for September 17, 1991. On the date set for the hearing of the motion, the district court raised the issue of the right to a speedy trial. Because neither party had addressed the issue, the hearing was adjourned until November 21, 1991. That hearing was continued until January 6, 1992, and then until January 13, 1992, when the district court found that more than eighteen months had passed since defendant had been arrested and that, therefore, it was presumed that he was prejudiced by the delay. Accordingly, the district court dismissed the charge with prejudice. The circuit court affirmed the dismissal.

In order to determine whether a defendant has been denied his right to a speedy trial, this Court must consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) any prejudice to the defendant. *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972); *People v Hill,* 402 Mich 272, 283; 262 NW2d 641 (1978); *People v Metzler,* 193 Mich App 541, 546; 484 NW2d 695 (1992). A delay of more than eighteen months is presumed to be prejudicial and the burden is on the prosecution to prove lack of prejudice to the defendant. *Id.; People v Lowenstein,* 118 Mich App 475, 487; 325 NW2d 462 (1982). Pursuant to *Barker,* the presumptively

prejudicial delay triggers an inquiry into the other factors to be considered in the balancing of the competing interests to determine whether a defendant has been deprived of the right to a speedy trial. *People v Rosengren,* 159 Mich App 492, 506; 407 NW2d 391 (1987). See also *People v Chism,* 390 Mich 104, 112; 211 NW2d 193 (1973).

The people argue that we should not consider the period between defendant's arrest and the initial dismissal without prejudice in calculating the delay in this case. See *United States v Atisha,* 804 F2d 920 (CA 6, 1986), cert den 479 US 1067 (1987). (The court considered only the constitutionality of the delay between the date the defendant was reindicted and the date he was first brought to trial.) But see *United States v Colombo,* 852 F2d 19 (CA 1, 1988), where the court distinguished between the situation where a charge is dismissed on the motion of a defendant and the situation where the government voluntarily dismisses charges. In the former situation, only the delay in the prosecution of the second indictment is relevant for Sixth Amendment purposes. In the latter situation, the time elapsed during the pendency of the first charge is not excluded. This issue has not been directly addressed by the appellate courts of this state. Although we prefer the rationale employed in *Colombo,* we need not decide the issue because we conclude that even considering the time elapsed before the initial dismissal in this case, defendant was not denied a speedy trial.

The delay between defendant's arrest and the ultimate dismissal of the impaired-driving charge was twenty-four months. However, defendant concedes that he was responsible for five months of the delay during the period between his no-contest plea and the first adjourned trial date. Having reviewed the record, we believe that at least an-

other month and a half of the delay may be attributed to defendant. Although defendant contends that the delay between the dismissal without prejudice and the reinstatement of the charge should be attributed to the prosecution, we believe that the delay should not be attributed to either side because there was no charge pending against defendant during those three months. *Rosengren, supra* at 506. See also *People v Boucher,* 131 Mich App 216, 219; 345 NW2d 670 (1983), *United States v Loud Hawk,* 474 US 302, 310; 106 S Ct 648; 88 L Ed 2d 640 (1986), and *United States ex rel Mitchell v Fairman,* 750 F2d 806, 808 (CA 7, 1984). Although the dismissal of the charge against defendant was apparently due to the prosecutor's failure to prepare for trial, there is no indication that the dismissal was the result of any "bad faith" on the part of the prosecutor.

We are aware that in *Lowenstein, supra,* a panel of this Court, although not directly addressing the issue, apparently considered the period of a dismissal in calculating the length of the delay for speedy-trial. To the extent that *Lowenstein* conflicts with *Rosengren,* we choose to follow the approach adopted in *Rosengren.*

The remaining 14½-month delay, excluding the approximately one-month delay due to the prosecutor's failure to be prepared for trial, primarily was due to delays inherent in the court system, i.e., docket congestion, the scheduling of pretrial conferences, adjournment to permit the filing of motions and answers to motions, and so forth. Although these delays are technically attributable to the prosecution, they are given a neutral tint and are assigned only minimal weight in determining whether a defendant was denied a speedy trial. *People v Sickles,* 162 Mich App 344, 356; 412 NW2d 734 (1987); *Rosengren, supra.*

Furthermore, although defendant demanded a jury trial when the instant charge was brought, he did not pursue the speedy-trial issue until the district court raised the issue on September 17, 1991, twenty months after defendant was originally arrested. Defendant's failure to assert his right is one of the factors to be considered in determining whether he was denied the right to a speedy trial. *People v Collins,* 388 Mich 680, 692; 202 NW2d 769 (1972). Defendant's failure to assert timely his right in this case weighs against a finding that he was denied a speedy trial. *Id.; People v Gravedoni,* 172 Mich App 195, 199; 431 NW2d 221 (1988).

Lastly, with regard to prejudice to defendant, there are two types of prejudice, prejudice to the person and prejudice to the defense. *Collins, supra* at 694. Defendant has not alleged that he was incarcerated during the delay between arrest and trial. Therefore, there is no allegation of prejudice to the person. However, defendant has asserted that his defense was harmed by the delay. Defendant argues that the delay would make it difficult for him to ensure that his witnesses would appear at trial and that the witnesses' memories may fade over time. Specifically, defendant cites the instance of one defense witness who, although subpoenaed, did not appear for trial scheduled on November 19, 1990. Defendant does not explain how the witness' nonappearance in November 1990 is related to his claim that he was prejudiced by the denial of a speedy trial. The fact that the witness did not appear in November of 1990, only eleven months after defendant's arrest, indicates to us that the witness was unwilling to appear at any time, rather than that defendant was prejudiced because of the dismissal and reinstatement of the charge. Furthermore, defendant does not

indicate how this witness or any other witnesses whose memories might have faded would aid in his defense.[1]

On the basis of our consideration of the length of the delay, the reasons for the delay, defendant's late assertion of his right to a speedy trial, and any prejudice to defendant, we conclude that defendant was not denied his right to a speedy trial.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

GRIFFIN, P.J, concurred.

FITZGERALD, J. *(dissenting).* I disagree with the majority's conclusion that defendant was not denied the right to a speedy trial. The test for determining whether a defendant has been denied his constitutional right to a speedy trial involves four parts: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) whether the defendant has suffered prejudice because of the delay. *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972); *People v Hill,* 402 Mich 272, 283; 262 NW2d 641 (1978); *People v Metzler,* 193 Mich App 541, 546; 484 NW2d 695 (1992).

In this case, twenty-four months elapsed between defendant's arrest and the ultimate dismissal of the impaired-driving charge by the district court. I agree with the majority that the time that elapsed between defendant's arrest and the initial dismissal should be attributed to the prosecution. *United States v Colombo,* 852 F2d 19, 24 (CA 1, 1988).

---

[1] There is no indication that there were any eyewitnesses to the crime charged. Compare *Collins, supra.*

I disagree, however, with the majority's position that the time period between indictments should not be counted against the prosecution. While I recognize established precedent to the contrary, given the instant facts, the prosecution should be charged with the delay during that period. It is clear from the district court record that the prosecution had no intention of allowing defendant to avoid prosecution. Thus, it was only a matter of time before the charge would be reinstated. Accordingly, defendant was not "in the same position as any other subject of a criminal investigation." *United States v MacDonald,* 456 US 1, 8-9; 102 S Ct 1497; 71 L Ed 2d 696 (1982). In such instances, prosecutors should not be allowed to avoid the application of a speedy-trial analysis. See *People v Lowenstein,* 118 Mich App 475; 325 NW2d 462 (1982) (this Court implicitly considered such time in determining the length of delay under a speedy-trial analysis). See also *United States v Loud Hawk,* 474 US 302, 317-323; 106 S Ct 648; 88 L Ed 2d 640 (1986) (Marshall, Brennan, Blackmun and Stevens, JJ., dissenting). Accordingly, I would find that the delay in this case covered the entire twenty-four-month period from arrest to the final dismissal. Therefore, prejudice to defendant is presumed. *Metzler, supra* at 546.

I also take issue with the prosecution's assertion that it may commence as many prosecutions against the defendant for the same offense as it sees fit until jeopardy attaches. Although that assertion may be correct in theory, the repeated dismissal and reinstitution of the same charges could be evidence of bad faith on the part of the prosecution, and, thus, a violation of due process. See *MacDonald, supra* at 7.

I would also find the second factor, the reason for the delay, in defendant's favor. As the majority

notes, defendant was responsible for 6½ months of the delay, or slightly more than one-fourth of the total delay. Thus, almost three-fourths of the delay was attributable to the prosecution either as a result of docket congestion or the prosecution's lack of preparation, including its failure to produce its own witnesses. Although the prosecution is entitled to a reasonable length of time in order to prepare for trial and to obtain the presence of its witnesses, *People v Wallace,* 33 Mich App 182, 184; 189 NW2d 861 (1971), it has failed to adequately explain the reasons for the delays in this case. Furthermore, because this is a relatively simple case, delay by the prosecution is less tolerated. *Lowenstein, supra* at 490.

With regard to the third factor, defendant states in his brief that he promptly demanded a speedy trial each time the impaired-driving charge was filed. However, the limited record before us, including counsel's initial written appearance, is silent in this regard. The record is clear, however, that defendant opposed the prosecution's motion for adjournment heard on November 19, 1990, and he advised the district court that he was ready to proceed to trial. Accordingly, I would find that defendant timely asserted his right to a speedy trial. *People v Collins,* 388 Mich 680, 692; 202 NW2d 769 (1972).

With regard to the fourth factor, actual prejudice to the defendant, I agree with defendant that the passage of an inordinate amount of time before proceeding to trial can result in prejudice to one's defense. Defendant has asserted that he experienced difficulty after time with subpoenaing one witness and that he was ultimately unable to produce the witness. Thus, I would find this factor in favor of defendant.

Accordingly, on balance, I would find, as did the

district and circuit courts, that the prosecution has failed to rebut the presumption that defendant was denied the right to a speedy trial. A twenty-four-month delay, almost three-fourths of which was attributed to the prosecution, cannot be justified in cases as simple as this case. Therefore, I would hold that defendant was denied his right to a speedy trial. I would affirm.