PEOPLE v SIMPSON

Docket No. 162591. Submitted August 1, 1994, at Lansing. Decided November 21, 1994, at 9:35 A.M.

James K. Simpson was convicted by a jury in the Oakland Circuit Court, Frederick D. Balkwill, J., of obstructing a fire fighter in the performance of the fire fighter's duties and of assault and battery in preventing fire fighters, and police officers assisting them, from entering his salvage yard to extinguish a fire. He appealed.

The Court of Appeals *held:*

1. An essential element of the offense of obstructing a fire fighter in the performance of the fire fighter's duties is that the fire fighter must have been carrying out lawful duties. There was insufficient evidence to support the defendant's conviction of obstructing a fire fighter in the absence of evidence that the fire fighters were carrying out lawful duties when the defendant allegedly obstructed them.

2. Proof that the police officers were carrying out legal duties when the defendant assaulted and battered them is not required for conviction of assault and battery.

3. Under the circumstances of this case, the defendant's delayed trial did not result in a denial of the right to a speedy trial.

Conviction of obstructing a fire fighter reversed; conviction of assault and battery affirmed.

1. CRIMINAL LAW — OBSTRUCTING A FIRE FIGHTER — LAWFUL DUTIES.
Conviction of the offense of obstructing a fire fighter requires proof that the fire fighter was carrying out lawful duties when obstructed by the defendant (MCL 750.241[1]; MSA 28.438[1]).

2. CRIMINAL LAW — SPEEDY TRIAL.
The factors to be considered in determining whether a defendant has been denied the right to a speedy trial are the length of the

REFERENCES
Am Jur 2d, Criminal Law §§ 654-657, 853-855; Fires § 6.
Accused's right to speedy trial under Federal Constitution—Supreme Court cases. 71 L Ed 2d 983.

delay, the reason for the delay, the defendant's assertion of the right to a speedy trial, and any prejudice to the defendant.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Joyce F. Todd,* Assistant Prosecuting Attorney, for the people.

*Alvin C. Sallen,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and CAVANAGH and M. J. SHAMO,* JJ.

CAVANAGH, J. Defendant was convicted by a jury of obstructing a fire fighter in the performance of the fire fighter's duties, MCL 750.241(1); MSA 28.438(1), and of assault and battery, MCL 750.81; MSA 28.276. He was sentenced to 365 and 90 days in jail, respectively. Defendant appeals as of right, and we affirm in part and reverse in part.

Defendant was originally charged with obstructing a fire fighter and with resisting and obstructing a police officer preserving the peace, MCL 750.479; MSA 28.747, after he allegedly tried to prevent fire fighters from entering his salvage yard to extinguish a fire and obstructed police officers who were attempting to assist the fire fighters.

Defendant's first claim concerning the allegedly improper suppression of certain "res gestae statements" is both unpreserved and unsupported by legal authority, and we accordingly deem it abandoned. *People v Weathersby,* 204 Mich App 98, 113; 514 NW2d 493 (1994); *People v Considine,* 196 Mich App 160, 162; 492 NW2d 465 (1992).

Defendant's assertion that he was prejudiced by the prosecutor's failure to call all endorsed wit-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

nesses is likewise unpreserved in light of defendant's failure to move for a new trial, and we decline to review it. *People v Lawton,* 196 Mich App 341, 356; 492 NW2d 810 (1992). Defendant's claim that the prosecutor improperly cross-examined him regarding his daughter's absence from trial is both unpreserved and without merit. *People v Spivey,* 202 Mich App 719, 723; 509 NW2d 908 (1993); *People v Gonzalez,* 178 Mich App 526, 534-535; 444 NW2d 228 (1989).

Defendant's third and fourth issues in effect challenge the sufficiency of the evidence. We agree that the evidence was insufficient to sustain defendant's conviction of obstructing a fire fighter, but disagree with respect to the assault and battery conviction.

In reviewing the sufficiency of evidence, this Court must view the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508, 515; 489 NW2d 748 (1992).

An essential element of the crime of resisting and obstructing a police officer in the discharge of his duty is that the officer must have been carrying out lawful duties. *People v Julkowski,* 124 Mich App 379, 383; 335 NW2d 47 (1983); *People v Reed,* 43 Mich App 51, 54; 203 NW2d 756 (1972); *People v Engleberg,* 26 Mich App 309, 313; 182 NW2d 98 (1970); see CJI2d 13.1, 13.2, 13.3. We conclude that, similarly, an essential element of the offense of obstructing a fire fighter in the performance of the fire fighter's duties is that the fire fighter must have been carrying out lawful duties. We note that the trial court gave an instruction to that effect and neither party objected.

No evidence was presented in this case that the

fire fighters were carrying out lawful duties in attempting to enter defendant's premises to extinguish a fire. Notably, an ordinance that supposedly prohibited open burning was not introduced into evidence, nor was the court requested to take judicial notice of it. MCL 600.2116; MSA 27A.2116; MRE 202; see *Zawicky v Flint Trolley Coach Co, Inc,* 288 Mich 655, 658; 286 NW 115 (1939). Moreover, the testimony did not satisfactorily establish that the fire was dangerous or that, even assuming it was dangerous, the fire department had a right to enter the property. See MCL 29.7a; MSA 4.559(7a).

Accordingly, defendant's conviction of obstructing a fire fighter must be reversed.

However, in contrast to the original charge of resisting and obstructing a police officer preserving the peace, "lawful duty" is not an element of the lesser offense of assault and battery. See CJI2d 17.2; *Espinoza v Thomas,* 189 Mich App 110, 119; 472 NW2d 16 (1991). Thus, defendant has failed to establish that the evidence was insufficient to sustain that conviction.

Finally, defendant contends that he was denied his right to a speedy trial. We disagree.

To determine whether a defendant has been denied his right to a speedy trial, this Court must balance the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) any prejudice to the defendant. A delay of more than eighteen months is presumed to be prejudicial and the burden is on the prosecution to prove lack of prejudice. *People v Wickham,* 200 Mich App 106, 109; 503 NW2d 701 (1993), citing *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972). Docket congestion is attributable to the prosecution but is a neutral factor to be as-

signed minimal weight. *Wickham, supra* at 111. The length of delay is insufficient in and of itself to require dismissal. *People v Lowenstein,* 118 Mich App 475, 489; 325 NW2d 462 (1982). In considering the prejudice to the defendant, the most serious inquiry is whether the delay has impaired the defendant's defense. *People v Rosengren,* 159 Mich App 492, 508; 407 NW2d 391 (1987).

*Length of delay.* In this case, the delay of over 4½ years (the events underlying defendant's convictions occurred on June 13, 1988, and trial began on January 26, 1993) was presumptively prejudicial. *Wickham, supra.* Accordingly, we must inquire into the other factors to be considered in balancing the competing interests to determine whether defendant was deprived of his right to a speedy trial. *Rosengren, supra* at 504.

*Reason for delay.* Much of the delay was caused by docket congestion; some by defendant's requests for adjournment of trial, his failure to appear, and his filing of numerous motions; and none was directly caused by the prosecution.

*Defendant's assertion of his right to a speedy trial.* Defendant first asserted his right to a speedy trial in November 1991, almost 3½ years after his arrest and a little over a year before trial eventually began.

*Prejudice to defendant.* Defendant contends that he was prejudiced by the loss of several witnesses, but fails to identify how those witnesses would have aided in his defense. Furthermore, defendant was released on bail during the pendency of these proceedings. *Wickham, supra* at 112-113.

Although the question is a close one, after balancing the four factors, we are unable to conclude that defendant was denied his right to a speedy trial.

Defendant's conviction of obstructing a fire fighter is reversed; his conviction of assault and battery is affirmed.