# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ENRIQUE ANTHONY RODRIGUEZ,

       Defendant-Appellant.

UNPUBLISHED
January 12, 2016

No. 323266
Calhoun Circuit Court
LC No. 2013-003807-FC

Before: RONAYNE KRAUSE, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by right his conviction following a jury trial of one count of assault with intent to do great bodily harm less than murder, MCL 750.84, one count of being a felon in possession of a firearm (felon-in-possession), MCL 750.224f, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to prison terms of 5 to 15 years for the assault conviction, 30 to 90 months for the felon-in-possession conviction, and two years for the felony-firearm conviction, to be served consecutive with and preceding the sentences imposed for the other two convictions. We affirm.

## I. FACTUAL HISTORY

The victim was working on the brakes of a friend's vehicle when he and defendant, whom the victim had known for 20 years, had a dispute over $10 allegedly owed to defendant. The victim told defendant that he did not owe the money, but he agreed to give defendant $10 after his friend paid him for the brake repairs. The victim testified that after he completed the work, his friend did not have "any change." According to the victim, defendant walked off, but then returned and started shooting at the victim. The victim was not hit, but a vehicle in his garage was. Defendant testified that he did not shoot at the victim because he was living in North Carolina at the time of the shooting. Defendant did not provide any witnesses or documentary evidence to support his alibi defense.

## II. RIGHT TO A SPEEDY TRIAL

Defendant first argues that his constitutional right to speedy trial was violated. Defendant failed to raise this issue below, so our review is limited to plain error affecting substantial rights.

-1-

*People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). If plain error is shown, reversal is only warranted if the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceedings, independent of defendant's innocence. *Id.* at 763-764.

The right to a speedy trial is guaranteed to criminal defendants by the United States and Michigan Constitutions, as well as by statute and court rule. US Const, Am VI; Const 1963, art 1, § 20; MCL 768.1; MCR 6.004(A). The protection afforded by the federal constitution "is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." *United States v Marion*, 404 US 307, 313; 92 S Ct 455; 30 L Ed 2d 468 (1971). Violation of the constitutional right to a speedy trial requires dismissal of the charge with prejudice. *People v Waclawski*, 286 Mich App 634, 664-665; 780 NW2d 321 (2009); MCR 6.004(A).

In determining whether a defendant has been denied a speedy trial, a court must consider "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *People v Rivera*, 301 Mich App 188, 193; 835 NW2d 464 (2013) (quotation marks and citation omitted). "The time for judging whether the right to a speedy trial has been violated runs from the date of the defendant's arrest." *People v Williams*, 475 Mich 245, 261; 716 NW2d 208 (2006), citing *Marion*, 404 US at 312.[1]

The defendant must prove prejudice when the delay is less than 18 months, *People v Collins*, 388 Mich 680, 695; 202 NW2d 769 (1972), but "[w]hen the delay is more than 18 months, prejudice is presumed, and the prosecution must show that no injury occurred," *Rivera*, 301 Mich App at 193.

> In assessing the reasons for delay, this Court must examine whether each period of delay is attributable to the defendant or the prosecution. Unexplained delays are charged against the prosecution. Scheduling delays and docket congestion are also charged against the prosecution. . . . Although delays inherent in the court system, e.g., docket congestion, are technically attributable to the prosecution, they are given a neutral tint and are assigned only minimal weight in

---

[1] Defendant argues that the relevant time period for assessing whether he was denied the right to a speedy trial began on November 24, 2012, when the charges were filed. Because the lower court record only begins in November 2013, it does not contain evidence that charges were filed on that day. Defendant cites to the register of actions, which states that the offense date was November 24, 2012, but again, this does not reveal that charges were filed that same day. In any event, defendant's argument lacks merit because the date for assessing the relevant delay is the date of defendant's arrest, not the date when the complaint and arrest warrant were issued. See *People v Patton*, 285 Mich App 229, 235-236; 775 NW2d 610 (2009) ("[D]efendant is mistaken in asserting that the relevant delay for determining whether he was denied a speedy trial began when the criminal complaint and arrest warrant were issued . . . .").

> determining whether a defendant was denied a speedy trial. [*Waclawski*, 286
> Mich App at 666 (quotation marks and citations omitted).]

The time "between the dismissal without prejudice and the reinstatement of the charge" is not counted against either party because no charge was pending during that period. *People v Wickham*, 200 Mich App 106, 111; 503 NW2d 701 (1993).

It is difficult to chart the entire period between defendant's arrest on May 8, 2013, and the start of trial on May 28, 2014, because the circuit court file begins in November 2013. However, we have been provided with the transcript of defendant's May 9, 2013 arraignment in the 10th District Court, during which defendant informed the court that he had retained his own counsel, Michael Lind. The case was reissued and another arraignment was held on June 20, 2013. Defendant again said that he was going to hire Lind to represent him, implying that he had not yet secured this representation. No record has been provided documenting what occurred between the June 20, 2013 arraignment and a hearing in the circuit court on August 23, 2013, although it appears that defendant was bound over. At the August 23, 2013 hearing, the circuit court was informed that the prosecution had made a plea offer to defendant. Attorney Lind told the court that the plea agreement was not acceptable to defendant. The prosecutor also informed the court that she was trying to locate a witness to get an interview, which would result in an additional report being given to defendant.

The parties agree that the case was dismissed without prejudice on November 5, 2013. The dismissal order indicates that the prosecutor was seeking an order of *nolle prosequi* for the following reason: "FOR FURTHER INVESTIGATION—TO BE RE-ISSUED." The record on appeal includes a transcript of an arraignment held that same day in the 10th District Court on the same charges. On December 10, 2013, a hearing was conducted in the 10th District Court. The next day, defendant was bound over to the circuit court.

In this case, the delay is calculated from May 8, 2013, the day of defendant's arrest, to May 28, 2014, the first day of trial—a period of 385 days. The record is incomplete regarding what occurred between defendant's arrest and the December 11, 2013 bindover (217 days), so this delay could be attributed to the prosecution. *Waclawski*, 286 Mich App at 666. However, during the arraignments, defendant informed the court that he would be hiring attorney Lind, but Lind did not file an appearance until November 22, 2013. Therefore, some of the time between defendant's May 8, 2013 arrest and the December 11, 2013 bindover is arguably attributable to defendant. It is clear that as of August 23, 2013, the prosecutor was still investigating the case, and that the matter was dismissed in circuit court on November 5, 2013, only to be reissued in district court the same day. A little over one month later, defendant was bound over for trial. We attribute the period from August 23, 2013 to December 11, 2013, to the prosecution (110 days), as well as the one day between the arrest and the first arraignment. At least some of the remaining time is clearly attributable to defendant because of the delay in securing his retained counsel.

Defendant's trial commenced less than 18 months after his arrest, so he carries the burden of proving prejudice. See *Collins*, 388 Mich at 695. He has not satisfied this burden. Defendant asserts that he was prejudiced because he was unable to locate his alibi witness because of the delay. According to defendant, the witness would have testified that defendant was in North

Carolina on the day of the shooting. Nothing in the record supports this assertion. Further, defendant testified that he was living in North Carolina with his sister and friends. Therefore, apart from the named alibi witness, defendant had other witnesses that could have testified that he was living in North Carolina on the day of the shooting. Although defendant asserts that it was difficult for his family members to travel to Michigan, he also did not produce any affidavits from any witnesses attesting to the fact that he was in North Carolina on the day of the shooting. Further, the victim positively identified defendant as the shooter, and stated that he had known defendant for 20 years. Defendant also concedes in his appellate brief that he never asserted his right to a speedy trial before the trial court. In light of the record before us, we conclude that defendant has failed to establish plain error with respect to his assertion that his right to a speedy trial was violated.

## III. PROSECUTORIAL ERROR

Defendant also contends that the prosecutor's closing argument and certain questions she asked on cross-examination were improper. In order to preserve an issue of prosecutorial error, a defendant must contemporaneously object and request a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defendant did not object to any of the alleged instances of prosecutorial error, so our review is limited to plain error affecting substantial rights. *People v Pfaffle*, 246 Mich App 282, 288; 632 NW2d 162 (2001).

The test of prosecutorial error is whether the defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). If a defendant's claim is based on an alleged violation of a specific, enumerated constitutional right, a reviewing court must "take special care to ensure that the prosecutor in no way infringes upon the specific constitutional right." *People v Blackmon*, 280 Mich App 253, 261; 761 NW2d 172 (2008). If a claim of prosecutorial error is based on the assertion that the prosecutor made an improper argument, the reviewing court must read the remarks in context, evaluating them "in light of defense arguments and the relationship they bear to the evidence admitted at trial to determine whether a defendant was denied a fair and impartial trial." *People v Brown*, 267 Mich App 141, 152; 703 NW2d 230 (2005).

Defendant contends that the prosecutor committed error when she asked him a series of questions during cross-examination about whether his sister and grandmother were in court to testify that he was in North Carolina on the day of the shooting, and about whether he had any documentary evidence to support his alibi. Defendant testified that he was in North Carolina at the time of the shooting. However, other than his own self-serving testimony, defendant did not produce any alibi witnesses or documentary evidence to advance his theory. The prosecutor had the right to inquire about the nonproduction of witnesses or documentary evidence supporting his alibi because she was pointing out the weaknesses in his theory of the case.

Defendant also argues that the prosecutor improperly shifted the burden of proof to defendant when she stated the following during closing argument: "Family members which were with him on Thanksgiving, yet nowhere to be seen the day of this trial to corroborate what he was saying. No pay stubs in this case, nothing to support or collaborate what he is saying, just his word." Again, in light of the defense theory, the prosecutor was justified in commenting on

the weakness of defendant's evidence during closing argument. *People v Shannon*, 88 Mich App 138, 145; 276 NW2d 546 (1979) ("Where a defendant testifies to an alibi and calls no additional witness to support it, the prosecution, by commenting on the nonproduction of corroborating alibi witnesses, is merely pointing out the weakness in defendant's case.").

Moreover, any possible improper prejudice stemming from the prosecutor's comments was cured when the trial court specifically instructed the jury that "the lawyer[s'] statements and arguments are not evidence." "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998).

Affirmed.

/s/ Amy Ronayne Krause
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien