*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 19, 2025
10:14 AM

Plaintiff-Appellee,

v

No. 365090
Cass Circuit Court
LC No. 2021-010159-FH

PARIS AMOUR BRADFORD,

Defendant-Appellant.

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

A jury convicted defendant, Paris Amour Bradford, of assaulting a prison employee, MCL 750.197c, and two counts of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to serve concurrent prison terms of 4 to 20 years for assaulting a prison employee, and 3 to 15 years for both counts of assaulting, resisting, or obstructing an officer. We affirm.

## I. FACTS

Defendant's convictions arose from an altercation between defendant and three officers at the Cass County Jail in April 2021. Defendant was in jail awaiting trial on unrelated charges. Defendant called two correctional officers over to him to protest another inmate's lockdown. Defendant engaged in a heated exchange with the officers and refused to return to his cell. One of the officers deployed his taser, but the prongs accidentally hit Officer Efrim Johnson, causing him to fall backwards. Defendant then struck Officer Johnson several times in the head and put him in a chokehold. Defendant eventually released him after being tased several times himself.

The jury convicted defendant on all counts. Defendant now appeals. Defendant also filed a motion to remand. This Court granted the motion and remanded the case to the trial court for an evidentiary hearing with respect to two of defendant's claims on appeal: (1) that his trial counsel rendered ineffective assistance for failing to communicate a plea offer, and (2) whether seating a

uniformed police officer at counsel table during trial violated defendant's right to a fair trial.[1]  After an evidentiary hearing, the trial court ruled that defendant had not established ineffective assistance or that his right to a fair trial was violated.  The trial court denied the motion for a new trial.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first contends that defense counsel rendered ineffective assistance by failing to adequately explain the prosecutor's plea offer.  On remand, the trial court found defendant's testimony to be incredible and concluded that defense counsel did not render ineffective assistance.

This Court reviews for an abuse of discretion a trial court's decision on a motion for a new trial.  *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012).  A trial court abuses its discretion when is decision falls outside the range of principled outcomes.  *Id*.  Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and law.  *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).  The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo.  *Id*.  "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made."  *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009) (quotation marks and citation omitted).

To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different.  *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012); *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  This Court defers to the trial court on matters of witness credibility.  *People v Gioglio*, 296 Mich App 12, 24; 815 NW2d 589 (2012), overruled in part on other grounds by *People v Gioglio*, 493 Mich 864, 864 (2012).  When the alleged prejudice resulting from counsel's ineffectiveness is that the defendant rejected a plea offer and stood trial, defendant must show that, but for counsel's ineffectiveness,

> (1) he would have accepted the plea offer; (2) the prosecution would not have withdrawn the plea offer in light of intervening circumstances; (3) the trial court would have accepted the defendant's plea under the terms of the bargain; and (4) the defendant's conviction or sentence under the terms of the plea would have been less severe than the conviction or sentence that was actually imposed. [*People v Walker*, 497 Mich 894, 894-895 (2014).]

It was undisputed at the evidentiary hearing that defense counsel communicated the prosecutor's amended plea offer to defendant in a January 12, 2022 letter.  The letter explained, in relevant part, that if defendant pleaded no contest to one count of assaulting a prison employee and agreed to pay restitution of approximately $7,000, then the prosecutor would drop the remaining

---

[1] *People v Bradford*, unpublished order of the Court of Appeals, entered January 11, 2024 (Docket No. 365090).

charges and agree to a sentence of time served. Defendant acknowledged receiving this letter, along with a follow-up letter from defense counsel, and talking to defense counsel numerous times about the plea offer. Defense counsel testified at the evidentiary hearing that he explained the terms "no contest" and "consecutive" to defendant, and that the sentencing offer was for "time served." However, defendant testified that he did not understand any of these terms, even after defense counsel's explanation. Furthermore, defendant testified that he did not understand that it was ultimately his decision whether to accept or reject the plea offer, not his attorney's decision.

The trial court found defendant's testimony "utterly unbelievable, unconvincing, and implausible." We see nothing in the record that compels us to conclude that the trial court's credibility determination was clearly erroneous. See *Gioglio*, 296 Mich App at 24. Defendant testified that he had "been in the system" 18 times, had been represented each time by an attorney, was familiar with the system, and had entered pleas to 12 charges. Defendant also admitted his attorney explained the plea offer to him on several occasions, including two days before trial. Given defendant's experience with the criminal justice system, along with the discussions he had with counsel, we cannot conclude that the trial court clearly erred by finding incredible defendant's assertions that he did not understand legal terms, or that he did not know that it was ultimately up to him to accept or reject a plea offer.

Defendant testified that defense counsel assured him that he could get the prosecutor to remove the restitution from the plea offer. Defense counsel, whom the trial court found credible, did not recall ever telling defendant that he could get restitution "taken off the table." Even if counsel agreed to ask the prosecutor to omit restitution from the plea offer, nothing in the record indicates that the prosecutor agreed to amend the offer. Defendant's assumption that the plea offer "never existed" because a period of months passed between communications with defense counsel, is unreasonable in light of this testimony.

The testimony indicates that defendant was fully aware of the terms of the prosecutor's plea offer and chose not to accept it. The trial court did not abuse its discretion in denying defendant's motion for a new trial based on ineffective assistance of counsel.

III. DUE PROCESS

Defendant next contends that the trial court erred by allowing Officer Johnson, the investigating officer and complaining witness, to sit at the prosecutor's table in uniform throughout the trial, and that defense counsel rendered ineffective assistance by failing to object to the seating arrangement. The trial court rejected both arguments on remand.

Because this issue comes to us unpreserved, our review is for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). To prevail, defendant must establish that error occurred, that the error was obvious, and that it affected defendant's substantial rights. *Id*. at 763. An error affects substantial rights if it "affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (quotation marks, citation, and alteration omitted).

-3-

Both the United States Constitution and the Michigan Constitution guarantee that a criminal defendant receives due process of law. US Const, Am XIV; Const 1963, art 1, § 17. "Implicit in this guarantee is that each criminal defendant enjoys the right to a fair trial, and essential to a fair trial is the defendant's right to be presumed innocent." *People v Horton*, 341 Mich App 397, 401; 989 NW2d 885 (2022). "Under the presumption of innocence, guilt must be decided solely on the basis of the evidence introduced at trial rather than on official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial." *People v Rose*, 289 Mich App 499, 517; 808 NW2d 301 (2010), quoting *Holbrook v Flynn*, 475 US 560, 567; 106 S Ct 1340; 89 L Ed 2d 525 (1986) (quotation marks omitted). "For that reason, courts must be alert to courtroom procedures or arrangements that might undermine the presumption of innocence." *Id*. One question relevant "when determining whether a particular practice is inherently prejudicial is whether the practice gives rise primarily to prejudicial inferences or whether it is possible for the jury to make a wider range of inferences from the use of the procedure." *Id*. at 518. "If a particular procedure is not inherently prejudicial, the defendant bears the burden of showing that the procedure actually prejudiced the trial." *Id*. If a particular procedure is inherently prejudicial, then it will only be upheld if it was "necessary to further an essential state interest." *Id*.

MRE 615 authorizes the trial court to exclude witnesses from the courtroom so that they cannot hear other witnesses' testimonies. However, the rule does not authorize the exclusion of "(a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; or (c) a person whose presence a party shows to be essential to presenting the party's claim or defense." MRE 615. Defendant does not dispute that Officer Johnson was allowed to be in the courtroom under MRE 615(b). Rather, he contends that neither the court rule nor the victim's rights provisions found in MCL 780.761 expressly allowed Officer Johnson to sit at the prosecutor's table.

Defendant's argument overlooks caselaw that has established that a trial court has broad discretion to allow a police officer who was also a testifying witness to sit at the prosecutor's table. See *People v Burns*, 67 Mich 537, 538; 35 NW2d 154 (1887) (trial court did not abuse its discretion in allowing the investigating detective who was also a testifying witness to sit at the prosecutor's table); *People v Hayden*, 125 Mich App 650; 659; 337 NW2d 258 (1983) (finding no error in the trial court's refusal to sequester the arresting officer, who testified at trial); *People v Buero*, 59 Mich App 670, 682; 229 NW2d 880 (1975) (finding no abuse of discretion when the trial court allowed a testifying police officer to sit next to the prosecutor during trial). Defendant asserts that Officer Johnson sitting at the prosecutor's table in uniform was inherently prejudicial because it bolstered Officer Johnson's credibility as a witness. This, however, is pure speculation.

Defendant relies primarily on *Holbrook*, 475 US at 567, and *Estelle v Williams*, 425 US 501; 96 S Ct 1691; 48 L Ed 2d 126 (1976), to argue that the presence in the courtroom of persons dressed in distinctive clothing indicating their status or role can be inherently prejudicial to a defendant's right to a fair trial. However, in neither *Holbrook* nor *Williams* did the Supreme Court hold that persons in the courtroom wearing the distinctive clothing at issue in those cases was inherently prejudicial. Defendant also implies that seating Officer Johnson at the prosecutor's table was improper because it was not necessary to further an essential state interest. However, wearing a police uniform is not inherently prejudicial, so it is not necessary to further an essential state interest. See *Holbrook*, 475 US at 571; *Rose*, 289 Mich App at 518. Because defendant has

-4-

not established that it is inherently prejudicial for a uniformed, testifying officer to sit at the prosecutor's table during trial, we need not consider the state's interest in the seating arrangement.

Absent any authority holding that it is inherently prejudicial to allow a police officer to sit at the prosecutor's table under the circumstances of this case, defendant had the burden to show "that the procedure actually prejudiced the trial." *Rose*, 289 Mich App at 518. Defendant has not met this burden. The jury saw body camera footage of the entire incident, and defendant's testimony regarding the incident was largely consistent with the testimonies of the three officers who were involved. There is no indication the jury gave Officer Johnson's testimony undue weight or found him to be more credible just because he was in uniform and sat at the prosecutor's table. Defendant has not established that, given this evidence, there was any reasonably likely chance that the jury would have acquitted defendant had Officer Johnson not been sitting at the prosecutor's table in uniform. See *id*.

Because defendant has not shown that allowing Officer Johnson to sit at the prosecutor's table was inherently prejudicial, nor that he was actually prejudiced by the seating arrangement, he has not established that the trial court committed plain error affecting his substantial rights by not sua sponte prohibiting Officer Johnson from sitting at the prosecutor's table. Therefore, defendant's constitutional challenge must fail. See *Carines*, 460 Mich at 764.

Defendant also argues that defense counsel's failure to object to Officer's Johnson sitting at the prosecutor's table constituted ineffective assistance of counsel. Defendant has met neither the performance nor the prejudice prong of the test for ineffective assistance. *Trakhtenberg*, 493 Mich at 51. Given that caselaw supports that a uniformed officer may sit at the prosecutor's table, defendant has not shown that defense counsel's failure to object to Officer Johnson's presence at the prosecutor's table fell below an objective standard of reasonableness under prevailing professional norms. See *id*.

## IV. SPEEDY TRIAL

Next, defendant contends that his right to a speedy trial was violated. We review this unpreserved error under the plain-error standard of review. See *Carines*, 460 Mich at 763-764.

The right to a speedy trial is guaranteed to criminal defendants by the United States and Michigan Constitutions, as well as by statute and court rule. US Const, Am VI; Const 1963, art 1, § 20; MCL 768.1; MCR 6.004(A). The time for evaluating a defendant's speedy-trial claim "runs from the date of the defendant's arrest . . . ." *People v Waclawski*, 286 Mich App 634, 665; 780 NW2d 321 (2009). Prejudice is presumed after a delay of 18 months, and the burden shifts to the prosecution to show that there was no prejudice. *Id*. A "presumptively prejudicial delay triggers an inquiry into the other factors to be considered in the balancing of the competing interests to determine whether a defendant has been deprived of the right to a speedy trial." *People v Williams*, 475 Mich 245, 262 (quotation marks and citation omitted). To determine whether an accused's right to a speedy trial has been violated, the Court must consider the following *Barker*[2] factors, "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4)

---

[2] *Barker v Wingo*, 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972).

the prejudice to the defendant." *People v Rivera*, 301 Mich App 188, 193; 835 NW2d 464 (2013) (quotation marks and citation omitted).

The parties agree that the length of delay between defendant's arrest on the charged crimes and his trial was 17.5 months. This delay was significant, but below the 18-month threshold at which prejudice is presumed. See *Collins*, 388 Mich at 695. We also note that the reasons for delay that are attributable to the prosecution, such as docket congestion, are given a neutral tint and assigned minimal weight in the speedy-trial analysis. *People v Wickham*, 200 Mich App 106, 111; 503 NW2d 701 (1993). More significant is the fact that defendant did not assert his right to a speedy trial; this factor weighs against defendant. See *Barker v Wingo*, 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972) (failing to assert the right makes it difficult for a defendant to prove he was denied a speedy trial.).

When the delay is less than 18 months, the defendant must prove prejudice. *Waclawski*, 286 Mich App at 665. A defendant may experience two types of prejudice: "prejudice to his person and prejudice to the defense." *Williams*, 475 Mich at 264. Here, defendant asserts that spending 624 days in jail from arrest to sentencing significantly hindered his ability to form a defense, by which defendant apparently means to meet with defense counsel to prepare for trial. Defendant has not shown how meeting with defense counsel more frequently would have aided his defense, particularly considering that a video of the incident was presented, and defendant did not seriously dispute the facts that resulted in the charges against him. Defendant's pretrial incarceration was due to his parole status, and he has identified no harm to his person or his defense.

We conclude that because defendant has not identified any actual prejudice from the delay, defendant's claim of a speedy-trial violation must fail. See *Waclawski*, 286 Mich App at 665.

## V. JAIL CREDIT

Lastly, defendant asserts that he was entitled to jail credit for the time he spent incarcerated between his conviction and sentencing. Defendant asserts that binding law to the contrary was wrongly decided and results in an equal-protection violation. We disagree. Again, we review this unpreserved claim of error for plain error affecting defendant's substantial rights. See *Carines*, 460 Mich at 763-764.

It is undisputed that defendant was a parolee who was incarcerated and awaiting trial on firearms charges when he committed the offenses at issue in the present appeal. Our Supreme Court explained in *People v Idziak*, 484 Mich 549, 552; 773 NW2d 616 (2009), that under MCL 791.238(2), a parolee incarcerated for committing a new crime while on parole and who had time left on his or her earlier sentence "resumes serving his earlier sentence on the date he is arrested for the new criminal offense." Because "the parolee is not being held in jail because of being denied or unable to furnish bond, the jail-credit statute does not apply." *Id.*, quoting MCL 769.11b (quotation marks omitted). "[T]he denial of credit against a new minimum sentence does not violate . . . the equal protection clauses of the United States or Michigan Constitutions." *Id.* The Supreme Court also held that parolees are entitled to jail credit until the Michigan Department of Corrections (MDOC) files a parole detainer under MCL 791.239. *People v Allen*, 507 Mich 597, 613; 968 NW2d 532 (2021).

This Court is "bound to follow decisions of the Supreme Court unless those decisions have clearly been overruled or superseded." *People v Robar*, 321 Mich App 106, 117; 910 NW2d 328 (2017). *Idziak* has not been overruled or superseded, and defendant's arguments on appeal are essentially the same as those considered and rejected by the *Idziak* Court. Defendant was arrested for unrelated charges on July 19, 2020, and MDOC filed a parole detainer the same day. Therefore, we are bound to follow *Idziak* and to affirm the trial court's denial of the requested jail credit. See *id*.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman