PEOPLE v RIVERA

Docket No. 309570. Submitted May 15, 2013, at Detroit. Decided May 23, 2013, at 9:05 a.m.

John A. Rivera was arrested on March 12, 2011, on charges of larceny in a building, felonious assault, domestic assault, and malicious destruction of personal property less than $200. A complaint and warrant were authorized on March 23, 2011. Subsequently, the Michigan Department of Corrections (MDOC) detained defendant on unrelated charges, and he remained incarcerated. On April 21, 2011, MDOC sent a notice to the 33rd District Court that informed the court that defendant was currently incarcerated, noted that defendant may have a charge pending or be a felony suspect in the court's jurisdiction, and sought disposition of any referenced pending charge. The district court received the notice on April 27, 2011. There is no evidence that the prosecuting attorney ever received such notice. Defendant was arraigned in the district court on January 10, 2012, waived a preliminary examination, and was bound over to the Wayne Circuit Court. Defendant was arraigned in the circuit court on February 9, 2012, and pleaded not guilty. Defendant moved on March 2, 2012, to dismiss the charges, claiming that his constitutional right to a speedy trial had been violated. The circuit court, James R. Chylinski, J., held on March 14, 2012, that the motion must be granted on the basis of the prosecution's violation of the 180-day rule of MCL 780.131(1). The prosecution appealed.

The Court of Appeals held:

1. The circuit court erred when it granted defendant's motion on the basis of the 180-day rule. The clear language of MCL 780.131(1) provides that MDOC must send written notice, by certified mail, to the prosecutor in order for the 180-day rule to apply. Because MDOC did not send the notice to the prosecutor, the 180-day rule did not apply. The circuit court erred by holding that the rule had been violated.

2. Defendant cannot prove that his right to a speedy trial was violated because he presented no evidence of prejudice. Prejudice cannot be presumed because the time that elapsed from defendant's arrest until dismissal of the charges was less than 18 months.

Reversed and remanded.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — SPEEDY TRIAL.

> The United States and Michigan Constitutions and Michigan statu-
> tory law guarantee criminal defendants a speedy trial without
> reference to a fixed number of days (US Const, Am VI; Const 1963,
> art 1, § 20; MCL 768.1).

2. CONSTITUTIONAL LAW — CRIMINAL LAW — SPEEDY TRIAL — PREJUDICE.

> The determination whether as accused's right to a speedy trial has
> been violated depends on consideration of the length of the delay,
> the reason for the delay, the defendant's assertion of the right, and
> the prejudice to the defendant; prejudice is presumed and the
> prosecution must show that no injury occurred when the delay is
> more than 18 months; prejudice may not be presumed and the
> defendant must prove that he or she suffered prejudice when the
> delay is less than 18 months; the time for judging whether the
> right to a speedy trial has been violated runs from the date of the
> defendant's arrest.

*Bill Schuette*, Attorney General, *John J. Bursch*,
Solicitor General, *Kym L. Worthy*, Prosecuting Attor-
ney, *Timothy A. Baughman*, Chief of Research Training
and Appeals, and *Madonna Georges Blanchard*, Assis-
tant Prosecuting Attorney, for the people.

*Law Offices of Robert J Boyd III, P.C.* (by *Robert J
Boyd III*), for defendant.

Before: DONOFRIO, P.J., and MARKEY and OWENS, JJ.

PER CURIAM. The prosecution appeals by right the
trial court's order dismissing the charges of larceny in a
building, MCL 750.360, two counts of felonious assault,
MCL 750.82, domestic assault, MCL 750.81(2), and
malicious destruction of personal property less than
$200, MCL 750.377a (1)(d). We reverse and remand for
further proceedings.

Defendant was arrested for the charges in this case
on March 12, 2011; a complaint and warrant were
authorized on March 23, 2011. Subsequently, the Michi-

gan Department of Corrections (MDOC) detained defendant on unrelated charges, and he remained incarcerated. On April 21, 2011, MDOC sent a notice to the 33rd District Court, explaining that defendant

> is currently serving a sentence with the Michigan Department of Corrections. Information received from the Pre Sentence Investigation indicates he may have a pending charge or is a felony suspect in your jurisdiction. We are seeking disposition of above referenced PENDING CHARGE as it may have a bearing on subjects placement and classification within our department.

Although the district court received this notice on April 27, 2011, there is no evidence in the record that the prosecutor ever received it.

Defendant was arraigned in the district court on the instant charges on January 10, 2012; defendant waived his right to a preliminary examination and was bound over to circuit court. Defendant was arraigned in circuit court on February 9, 2012, and he pleaded not guilty. On March 2, 2012, defendant moved to dismiss the charges, claiming that his constitutional right to a speedy trial had been violated.[1] On March 14, 2012, the trial court held a hearing on defendant's motion. Defendant did not present an oral argument; he simply rested on his written motion. The prosecution briefly mentioned that a certified letter must be sent to the prosecutor's office to trigger the 180-day rule. The trial court responded to the prosecution's argument:

> So, if, if I wanted to notify the Prosecutor's Office of something, if I came there personally, and I told them, and brought them all kinds of documents, and served them, and they stamped it, received, everything else, I would not be in compliance, because it wasn't a certified letter?

---

[1] Defendant never argued that the 180-day rule of MCL 780.131(1) was violated, but the circuit court decided his motion on this basis.

The prosecution responded: "Yes, but the statute's specific." Ultimately, the trial court ruled that "there's sufficient documentation in this case that [defendant] made the request[.] . . . It is over [180] days. I am gonna grant the defendant's motion to dismiss."

This appeal raises two issues. First, did the trial court err when it dismissed the charges against defendant on the basis of a violation of the 180-day rule. Second, was defendant's right to a speedy trial violated by the prosecution's failure to prosecute defendant for nearly 10½ months.

This case involves statutory interpretation, which we review de novo. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). First, we examine whether the trial court erred by granting defendant's motion to dismiss on the basis of the 180-day rule. We conclude that the trial court erred when it granted defendant's motion on the basis of the 180-day rule.

MCL 780.131(1) provides:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, *the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint.* The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner.

*The written notice and statement shall be delivered by certified mail.* [Emphases added.]

The primary purpose of a court when construing a statute is to discern and give effect to the Legislature's intent. *Williams*, 475 Mich at 250. When statutory language is clear, this Court presumes that " 'the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written.' " *Id.*, quoting *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999).

The clear language of MCL 780.131(1) provides that MDOC must send written notice, by certified mail, *to the prosecutor* to trigger the 180-day requirement. MCL 780.131(1). Our Supreme Court has held that the 180-day rule's statutory requirements "expressly provide[]" that notice must be sent to the prosecuting attorney. *Williams*, 475 Mich at 256. In *Williams*, MDOC sent "several communications" regarding the defendant's incarceration. *Id.* at 255. For example, notice was sent to the Detroit Police Department and an investigator assigned to the defendant's case. *Id.* The Supreme Court reasoned that "[a]lthough investigating police officers may and do cooperate with the prosecutor, they are not part of the prosecutor's office." *Id.* at 255-256. Ultimately, the Court decided the defendant's 180-day rule argument on the basis of the fact that MDOC had sent notice directly to the prosecutor. *Id.* at 256. Here, although MDOC sent a notice to the district court, it did not send, by certified mail, a notice to the prosecuting attorney. Thus, the 180-day rule was never triggered, so it could not have been violated; consequently, the trial court erred by reaching this conclusion.

The prosecution also argues, even though the circuit court did not decide this issue, that defendant cannot

prove that his right to a speedy trial was violated. Whether defendant was denied the right to a speedy trial is a constitutional law question that is reviewed de novo. *Williams*, 475 Mich at 250. We conclude that because defendant presented no evidence of prejudice, defendant cannot prove that his right to a speedy trial was violated.

Aside from the 180-day rule, a defendant's right to a speedy trial is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. "[T]he federal and state constitutions and Michigan statutory law guarantee criminal defendants a speedy trial without reference to a fixed number of days." *People v McLaughlin*, 258 Mich App 635, 644; 672 NW2d 860 (2003). "In contrast to the 180-day rule, a defendant's right to a speedy trial is not violated after a fixed number of days." *Williams*, 475 Mich at 261. The right to a speedy trial is codified at MCL 768.1, which provides that "persons charged with crime are entitled to and shall have a speedy trial" and that the case be brought to "a final determination without delay except as may be necessary to secure to the accused a fair and impartial trial." Whether an accused's right to a speedy trial is violated depends on consideration of four factors: "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *Williams*, 475 Mich at 261-262. When the delay is more than 18 months, prejudice is presumed, and the prosecution must show that no injury occurred. *Id*. at 262. When the delay is less than 18 months, the defendant must prove that he or she suffered prejudice. *People v Cain*, 238 Mich App 95, 112; 605 NW2d 28 (1999). "The time for judging whether the right to a speedy trial has been violated runs from the date of the defendant's arrest." *Williams*, 475 Mich at 261.

In this case, defendant was arrested on March 12, 2011, and arraigned on the charges in the circuit court on February 9, 2012. The circuit court dismissed the charges on March 14, 2012. Because the time that elapsed from defendant's arrest until dismissal of the charges was less than 18 months, prejudice cannot be presumed. *Williams*, 475 Mich at 262. Accordingly, defendant is required to prove prejudice by the delay. *Id*. At no time has defendant specifically argued how the delay caused him prejudice. In both the trial court and on appeal, defendant has not explained how he suffered prejudice. He has only offered a general statement that being in prison on unrelated charges for 10 months caused prejudice. In sum, there is no basis for this Court to conclude that defendant was denied his right to a speedy trial.

We reverse and remand for further proceedings. We do not retain jurisdiction.

DONOFRIO, P.J., and MARKEY and OWENS, JJ., concurred.