# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HERIS JAVIER HERNANDEZ,

Defendant-Appellant.

UNPUBLISHED
October 28, 2014

No. 316496
Oakland Circuit Court
LC No. 2013-244358-FC

Before: FITZGERALD, P.J., and WILDER and OWENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for second-degree murder, MCL 750.317, and larceny in a building, MCL 750.360. He was sentenced to concurrent terms of 20 to 50 years' imprisonment for the second-degree murder conviction and one to four years' imprisonment for the larceny conviction. We affirm.

This case arises out of a murder and larceny that occurred in April 2000. Immediately following the commission of the crimes, defendant fled the state; shortly thereafter he fled the country. Defendant subsequently was incarcerated in Texas in 2002 or 2003. In 2004, the Combined DNA Index System (CODIS) database identified that defendant's DNA matched DNA found on evidence recovered from the scene of these crimes. A warrant was issued for defendant's arrest in June 2012, and he was arraigned in Michigan in November 2012.

Defendant first argues that the prosecution committed misconduct when it referenced CODIS in its opening statement.[1] Defendant did not object to the now challenged references; therefore, this unpreserved issue is reviewed for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Defendant must show the

---

[1] While the question presented in defendant's appellate brief cites a constitutional provision, defendant's brief does not contain a constitutional argument. Thus, to the extent defendant advances a constitutional argument, this issue is deemed abandoned. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009) ("Defendant has abandoned this issue by failing to provide any analysis in the text of his brief on appeal.").

existence of a clear or obvious error and "prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.*

Claims of prosecutorial misconduct are reviewed on a case-by-case basis, and this Court examines the entire record to evaluate the prosecutor's comments in context. *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). The prosecution's opening statement "is the appropriate time to state the facts that will be proved at trial." *People v Ericksen*, 288 Mich App 192, 200; 793 NW2d 120 (2010). Moreover, when the prosecution's comments in an opening statement are based on evidence actually admitted during the trial, the comments do not constitute prosecutorial misconduct. *People v Roscoe*, 303 Mich App 633, 648-649; 846 NW2d 402 (2014).

In this case, the prosecution's reference to CODIS in its opening statement was a good faith statement of the facts that the prosecution believed would be introduced at trial, and was also based on the evidence actually admitted during the trial. Viewing the prosecution's opening statement in the context of this testimony, the references to CODIS in the opening statement accurately prefaced all of this testimony. Moreover, in its opening statement the prosecution did not tie CODIS to, or mention, defendant's status as an inmate in Texas. Therefore, the prosecution's reference to CODIS in its opening statement did not violate the trial court's pretrial order to refrain from referencing defendant's conviction or status as an inmate. In sum, the prosecution did not commit misconduct when it referenced CODIS in its opening statement.

Defendant also argues that the prosecution committed misconduct when it referenced CODIS in its questions to Dorothy Catella, a forensic scientist with the Michigan State Police. When Catella testified about CODIS, she indicated that it contained data from samples from "convicted offenders that are going to jail." Defendant contemporaneously objected, and this preserved claim is reviewed de novo to determine whether the defendant was denied a fair trial. *People v Dunigan*, 299 Mich App 579, 588; 831 NW2d 243 (2013).

Although the trial court ruled that any reference to the fact that defendant had a previous conviction or was incarcerated in Texas was inadmissible, the trial court did not bar any reference to CODIS or an explanation as to how CODIS worked. Therefore, the prosecution's questions and portions of Catella's testimony that generally explained the CODIS database were not in violation of the trial court's order and were admissible as relevant evidence. Moreover, Catella's testimony that suggested defendant's data was in CODIS because he was a convicted offender does not appear to have been elicited in bad faith. The prosecution generally asked Catella "what the CODIS is." The prosecution later explained that it wanted to have a witness explain CODIS because CODIS was the mechanism by which defendant was identified 12 years after the commission of the offenses and because the prosecution mentioned CODIS in its opening statement. The prosecution also stated that it intended to lead Catella through her description of CODIS. The prosecution's "good-faith effort to admit evidence does not constitute misconduct." *Dobek*, 274 Mich App at 70. Because the prosecution's questions to Catella constituted a good-faith effort to admit relevant evidence, there was no prosecutorial misconduct.

Next, defendant argues that the trial court should have dismissed the charges against him because he was prejudiced by the length of the prearrest delay. A trial court's decision whether

to dismiss charges because of prearrest delay is reviewed for an abuse of discretion. *People v Tanner*, 255 Mich App 369, 412; 660 NW2d 746 (2003), rev'd on other grounds, 469 Mich 437 (2003). The trial court's factual findings are reviewed for clear error, while the question of whether the delay deprived a defendant of due process is a constitution question that we review de novo. *Id*.

"A prearrest delay that causes substantial prejudice to a defendant's right to a fair trial and that was used to gain tactical advantage violates the constitutional right to due process." *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014). The defendant bears the burden of establishing that actual and substantial prejudice resulted from delay. *People v Cain*, 238 Mich App 95, 108-109; 605 NW2d 28 (1999). To constitute substantial prejudice, the prejudice must have meaningfully impaired the defendant's ability to defend against the charges such that the outcome of the proceedings was likely affected. *People v Adams*, 232 Mich App 128, 134; 591 NW2d 44 (1998). "A defendant cannot merely speculate generally that any delay results in lost memories, witnesses, and evidence, even if the delay was an especially long one." *Woolfolk*, 304 Mich App at 454 (internal citations omitted). See also *Cain*, 238 Mich App at 108-110 (holding that prejudice was not established even though some evidence was lost and witnesses had slight memory loss and may have forgotten some specific dates).

In this case, defendant cannot establish actual and substantial prejudice because of the delay between the commission of the offenses and defendant's arrest or indictment for the offenses. First, defendant cannot establish prejudice by the death of the previous boyfriend of one of the victim's neighbors, which occurred during the delay. The neighbor testified that at the time of the offenses, she and her boyfriend had broken up and that the offenses in question happened when he was "gone," i.e., no longer residing with her. Therefore, it is unlikely that the boyfriend witnessed anything to provide favorable testimony for defendant, and thus, the prearrest delay did not prohibit defendant from obtaining exculpatory information from this potential witness. Accordingly, defendant cannot establish substantial and actual prejudice based on the pretrial death of this witness.

Second, defendant's claim that the memories of the witnesses who did testify at trial would have been better if the charges had been brought earlier is too speculative to establish actual and substantial prejudice. Defendant did not allege any specific information that any of these witnesses could not recall based on the prearrest delay, or identify any specific testimony that was diminished by the prearrest delay. Defendant's general argument that witnesses may not be able to recall relevant information and speculation that the prearrest delay resulted in the witnesses' memory loss do not support a finding of actual prejudice based on prearrest delay. See *Woolfolk*, 304 Mich App at 454; *Cain*, 238 Mich App at 109-110.

Third, defendant's claim that additional witnesses who would have provided information helpful to his defense would have been easier to locate if not for the prearrest delay is also too speculative to establish actual and substantial prejudice. Also, defendant offered nothing more than mere speculation concerning the exculpatory nature of the witness' testimony and made no showing that any of these witnesses actually would have provided relevant information beneficial to his defense. This is insufficient to establish actual prejudice. See *Adams*, 232 Mich App at 136. In sum, defendant cannot establish actual and substantial prejudice by the delay between the commission of the offenses and defendant's arrest or indictment for the offenses,

-3-

and the trial court did not abuse its discretion when it denied defendant's motion to dismiss the charges based on the length of the prearrest delay.

Finally, defendant argues that his constitutional right to a speedy trial was violated. We review this unpreserved claim of error for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 764-765.

"Whether an accused's right to a speedy trial is violated depends on consideration of four factors: '(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant.' " *People v Rivera*, 301 Mich App 188, 193; 835 NW2d 464 (2013), quoting *People v Williams*, 475 Mich 245, 261-262; 716 NW2d 208 (2006). Defendant has not established a factual predicate to support this claim; specifically, he did not provide this Court with any facts relevant to his speedy trial argument, including the date of his arrest, the reason for any delays and whether such delays were attributable to the prosecution or defendant, or when he allegedly asserted his right to a speedy trial. A defendant bears the burden of furnishing this Court with a record to verify the factual basis of any argument upon which reversal is predicated. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). Because defendant has not pointed to any facts or any part of the trial court record to support his claim that his right to a speedy trial was violated, this Court will not consider the merits of this argument. *Id*. See also *People v Traylor*, 245 Mich App 460, 464; 628 NW2d 120 (2001) (stating that this Court will not search for a factual basis to sustain or reject defendant's position).[2]

Affirmed.

/s/ E. Thomas Fitzgerald
/s/ Kurtis T. Wilder
/s/ Donald S. Owens

---

[2] We note that if we were to consider the merits of defendant's speedy trial argument, we would conclude that it is without merit. Most of the delays were administrative, *People v Waclawski*, 286 Mich App 634, 666; 780 NW2d 321 (2009), and because the delay was less than 18 months, defendant was required to prove prejudice, *Rivera*, 301 Mich App at 193. Defendant relies on the same allegations of prejudice that he claimed with regard to his prearrest delay, and for the same reasons, we find these are also insufficient to establish prejudice in this regard.