# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ALVIN JUNIOR GIBBS,

      Defendant-Appellant.

UNPUBLISHED
February 19, 2015

No. 318967
Kent Circuit Court
LC No. 12-006063-FH

Before: BECKERING, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of unarmed robbery in violation of MCL 750.530. He raises several challenges on appeal, all of which lack merit. We therefore affirm.

## I. BACKGROUND

Around 10 p.m. on June 7, 2012, the complainant visited a gas station in Wyoming, Michigan. As the complainant reentered her vehicle after filling her tank, defendant approached and prevented her from shutting her car door. Defendant reached across the complainant and grabbed her purse from the passenger seat. The complainant, fearing an assault, fought defendant. He pushed her and escaped on foot. A witness reported the direction in which defendant ran. And the complainant described her assailant as an African-American man slightly taller than she, wearing blue jeans, a white hat, and a dark blue shirt.

Officers travelled to a nearby apartment complex. Two individuals reported seeing a man run from the woods toward the apartment complex. When officers approached a building in the complex, another individual described that defendant had tried to force his way into her apartment. She directed the officers to a second-floor hallway where defendant was found hiding behind a door. Defendant was shirtless and out of breath.

An officer transported the complainant to the apartment complex and she identified defendant as the robber. Officers searched defendant's person and found $24 in neatly folded bills, two tubes of lip gloss, hand lotion, a pack of gum, a man's wallet, a cell phone, and a cell phone charger. The complainant identified the cash, lip gloss, lotion, and gum as belonging to her. A search through the nearby woods revealed the complainant's empty purse and eyeglasses.

-1-

## II. RIGHT TO A SPEEDY TRIAL

Defendant's trial was not conducted until August 26, 2013, almost 15 months after his arrest. He contends that this delay violated his constitutional right to a speedy trial. Although defendant sent ex parte letters to the court expressing his desire for a speedy trial, defendant never made a formal demand through his counsel with notice to the prosecution. As a result, defendant's challenge is unpreserved and our review is limited to plain error affecting defendant's substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); *People v Cain*, 238 Mich App 95, 111; 605 NW2d 28 (1999).

Both the United States and Michigan Constitutions guarantee a criminal defendant the right to a speedy trial. US Const, Am VI; Const 1963, art 1, § 20. Four factors are relevant in determining whether a defendant's right to a speedy trial was violated: "'(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant.'" *People v Rivera*, 301 Mich App 188, 193; 835 NW2d 464 (2013), quoting *People v Williams*, 475 Mich 245, 261-262; 716 NW2d 208 (2006).

When calculating the length of a delay in holding a trial, the clock begins to run with the defendant's arrest. *Williams*, 475 Mich at 261. No set length of time dictates when a speedy trial violation may be found. *Id.* However, a delay of 18 months or more leads to a rebuttable presumption of prejudice. *Id.* at 262. When the delay is less than 18 months, "then the burden is on the defendant to show that he or she suffered prejudice." *People v Waclawski*, 286 Mich App 634, 665; 780 NW2d 321 (2009).

Here, the delay between defendant's arrest and his trial was less than 15 months. Accordingly, defendant bears the burden of establishing prejudice.

> In assessing the reasons for delay, this Court must examine whether each period of delay is attributable to the defendant or the prosecution. Unexplained delays are charged against the prosecution. Scheduling delays and docket congestion are also charged against the prosecution. However, [a]lthough delays inherent in the court system, e.g., docket congestion, are technically attributable to the prosecution, they are given a neutral tint and are assigned only minimal weight in determining whether a defendant was denied a speedy trial. [*Id.* at 666 (quotation marks and citations omitted).]

Our review of the lower court docket sheet reveals that defendant once requested the adjournment of trial, leading to a four-month delay. In the meantime, appointed defense counsel twice filed motions to withdraw at defendant's request, with the court granting the second request. The originally rescheduled trial date had to be adjourned because defendant's first substitute counsel required replacement. Other delays were occasioned by the unavailability of witnesses, a factor that weighs against neither party, *Cain*, 238 Mich App at 113, and the continuation of plea negotiations. Ultimately, at least four months of the delay was attributable to defendant, and three months was attributable to neither party. The remaining delay of eight months is technically counted against the prosecution, but as noted in *Waclawski*, must be given minimal weight. This delay was not so shocking as to create a specter of prejudice.

Defendant asserted his speedy trial right by sending two ex parte communications to the trial court. The court informed defendant that he needed to communicate through his attorney. Yet, defendant never did so. Accordingly, factor three was not actually satisfied.

In relation to the final *Waclawski* factor, defendant has not established that he suffered any prejudice as a result of the delay. In fact, by the time of trial, the complainant had forgotten many of the details of the robbery, including her original description of the suspect. This actually worked in defendant's favor as it diminished the power of the prosecution's case. As defendant failed to meet his burden of establishing prejudice, we discern no violation of his right to a speedy trial.[1]

## III. OTHER ACTS EVIDENCE

At defendant's trial, the prosecution presented evidence that defendant had pleaded guilty in 2005 to an unarmed robbery charge. In connection with that offense, defendant conceded on the record in 2005 that he "snatched" a woman's purse from her person. The trial court admitted the plea transcript under MRE 404(b) to show a common scheme or plan and to establish defendant's identity.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). A court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Murphy (On Remand)*, 282 Mich App 571, 578; 766 NW2d 303 (2009).

Evidence of crimes, wrongs, or other acts is inadmissible to show a defendant's propensity to act in conformity with those acts. MRE 404(a); *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998). Other-acts evidence, however, may be admissible under MRE 404(b) for another purpose. *People v Sabin (After Remand)*, 463 Mich 43, 56; 614 NW2d 888 (2000).[2] MRE 404(b) challenges are analyzed under a four-part approach:

---

[1] Defendant also contends that the trial delay violated the 180-day rule of MCL 780.131. The statute only applies to prison inmates who have unrelated criminal charges pending against them. *People v Lown*, 488 Mich 242, 255; 794 NW2d 9 (2011). Defendant does not fit within that category and the statute is inapplicable.

[2] MRE 404(b) provides, in full:

(b) Other crimes, wrongs, or acts.

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice [as demanded by MRE 403]; fourth, that the trial court may, upon request, provide a limiting instruction to the jury. [*People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).]

Here, the other-acts evidence was offered for a proper purpose under MRE 404(b). The prosecutor offered an excerpt from a transcript of defendant's 2005 plea to show a common scheme or plan and to establish defendant's identity. The prosecutor bears the burden of showing that the evidence is relevant to a proper purpose or otherwise proves a fact apart from the defendant's character or criminal propensity. *People v Mardlin*, 487 Mich 609, 615; 790 NW2d 607 (2010).

Evidence that defendant aggressively snatched a purse from another woman was clearly relevant. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Evidence is relevant to show a common scheme or plan when the charged crime and the prior act "are sufficiently similar to support an inference that they are manifestations of a common scheme or plan." *Sabin (After Remand)*, 463 Mich at 63. The prior act and the charged offense each showed defendant placing a woman in fear, struggling with her to take her purse, and then running away from the scene with her possessions. The similarities between the offenses are striking and support an inference of a common scheme or plan.

Yet, the evidence was not relevant to establish identity. The degree of similarity required between the prior act and the charged crime is greater for proving identity than it is for showing a common scheme or plan. *People v Hine*, 467 Mich 242, 251-252; 650 NW2d 659 (2002). With identity, the "commonality of circumstances must be so unusual and distinctive as to be like a signature." *People v Golochowicz*, 413 Mich 298, 310-311; 319 NW2d 518 (1982) (quotation marks, citation, and alteration omitted). The purse snatching as described is not so distinctive and unusual to be considered a "signature." Because the evidence was relevant for another proper purpose, any error in admitting it to prove identity was harmless.

Moreover, the evidence's probative value was not substantially outweighed by the danger of unfair prejudice. All relevant evidence is prejudicial to some extent. *Murphy (On Remand)*, 282 Mich App at 582-583. "Unfair prejudice exists . . . where either a probability exists that evidence which is minimally damaging in logic will be weighed by the jurors substantially out of

(2) The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. If necessary to a determination of the admissibility of the evidence under this rule, the defendant shall be required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination.

proportion to its logically damaging effect, or it would be inequitable to allow the proponent of the evidence to use it." *Id.* at 583 (quotation marks and citations omitted). Unfair prejudice also exists if the evidence "inject[s] considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994) (quotation marks and citation omitted).

Defendant contends that the evidence was unfairly prejudicial because it was remote in time. Defendant's prior offense occurred eight years before trial. This passage of time did not divest the prior act of probative value. See *People v Knapp*, 244 Mich App 361, 380; 624 NW2d 227 (2001) (holding evidence still admissible despite 20-year gap between acts). Moreover, the other-acts evidence was brief and used only to establish a general factual basis of the prior act. See *People v Hawkins*, 245 Mich App 439, 452; 648 NW2d 105 (2001) (finding other-acts evidence not unfairly prejudicial because it was "neither so inflammatory nor used so pervasively at trial"). Finally, the trial court provided the jury with two limiting instructions concerning this evidence—once just before trial and again before deliberations. A cautionary instruction may limit the potential for undue prejudice, *Murphy (On Remand)*, 282 Mich App at 583, and jurors are presumed to follow instructions from the trial court, *Waclawski*, 286 Mich App at 674. Accordingly, the trial court did not abuse its discretion by admitting the other-acts evidence.

## IV. SHOW-UP IDENTIFICATION

Defendant also challenges the propriety of the identification method used by the officers investigating the robbery. He contends that the admission of the identification evidence violated his right to due process of law. Our review is limited to plain error as defendant failed to object below. *Carines*, 460 Mich at 763. An identification procedure constitutes a denial of due process when it is "unnecessarily suggestive and conducive to irreparable misidentification." *People v Williams*, 244 Mich App 533, 542; 624 NW2d 575 (2001). A defendant must establish that, in examining the totality of the circumstances, "the identification procedure was so suggestive . . . that it led to a substantial likelihood of misidentification." *People v Kurylczyk*, 443 Mich 289, 302; 505 NW2d 528 (1993). Relevant factors to consider include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v Biggers*, 409 US 188, 199-200; 93 S Ct 375; 34 L Ed 2d 401 (1972).

The complainant testified that the robbery lasted about 10 seconds. During the attack, defendant was in close proximity to the complainant—he reached across her as she sat confined in the driver's seat of her car. The complainant identified defendant approximately 10 minutes after the robbery. She testified that she was able to identify him, in part, by his body type. The complainant also provided officers a description of defendant's clothing, but defendant was shirtless at the time of the confrontation. The officer who conducted the show-up testified that standard procedures were used to explain that defendant may or may not be the person responsible.

"Simply because an identification procedure is suggestive does not mean it is necessarily constitutionally defective." *People v Colon*, 233 Mich App 295, 304; 591 NW2d 692 (1998).

Although the procedure in this case may have been suggestive to an extent, defendant fails to show that it was so suggestive as to lead to a substantial likelihood of misidentification. A prompt confrontation after a crime was committed promotes fairness because it assures greater reliability. *People v Winters*, 225 Mich App 718, 725; 571 NW2d 764 (1997). Here, it does not appear from the record that the police acted for any reason other than to determine whether defendant was connected with the robbery and therefore should be placed under arrest. *Id.* at 727. Accordingly, we discern no error in the admission of the identification evidence.

## V. ASSISTANCE OF COUNSEL

Within his appellate brief, defendant also contends that his trial counsel was ineffective for failing to raise his speedy trial and evidentiary challenges below. However, we have found no error that would merit any type of relief or that could have affected the outcome of the trial. Counsel may not be deemed ineffective for failing to raise a futile motion or objection. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004). Accordingly, defendant has again failed to raise a challenge warranting reversal or a new trial.

We affirm.

/s/ Jane M. Beckering
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher