# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARRYL CALVIN SMITH,

        Defendant-Appellant.

UNPUBLISHED
December 10, 2015

No. 323026
Kent Circuit Court
LC No. 13-007692-FH

Before: OWENS, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Following a jury trial, defendant Darryl Calvin Smith was convicted of two counts of unarmed robbery, MCL 750.530, committed at a Family Dollar store. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 9 to 27 years' imprisonment for each count of unarmed robbery. Defendant appeals as of right. We affirm.

Defendant first argues on appeal that his constitutional right to a speedy trial was violated. The constitutional right to a speedy trial "guarantee[s] criminal defendants a speedy trial without reference to a fixed number of days." *People v McLaughlin*, 258 Mich App 635, 644; 672 NW2d 860 (2003). "When a defendant claims a violation of this right, the trial court must consider four factors: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of the right, and (4) any prejudice to the defendant." *Id*. "When the delay is more than 18 months, prejudice is presumed, and the prosecution must show that no injury occurred." *People v Rivera*, 301 Mich App 188, 193; 835 NW2d 464 (2013). However, "[w]hen the delay is less than 18 months, the defendant must prove that he or she suffered prejudice." *Id*. "The time for judging whether the right to a speedy trial has been violated runs from the date of the defendant's arrest." *Id*. (citation and quotation marks omitted).

Here, the length of the delay between defendant's arrest and the start of trial was approximately 10 months. Because the delay was less than 18 months, prejudice cannot be presumed. With respect to prejudice suffered, defendant only argues that he was required to spend more time in jail, which appears to relate to prejudice to his person. Defendant did not support this argument, failing to demonstrate a sufficient showing of prejudice based on oppressive pretrial incarceration leading to anxiety or concern. See *People v Collins*, 388 Mich 680, 694; 202 NW2d 769 (1972) ("There are two types of prejudice which a defendant may experience, that is, prejudice to his person and prejudice to his defense[,] [and] [p]rejudice to his

-1-

person would take the form of oppressive pretrial incarceration leading to anxiety and concern."). Additionally, defendant has not shown any prejudice to his defense. Further, we have reviewed the remaining factors and find that they do not demonstrate that defendant's right to a speedy trial was violated; the length of the delay was not presumptively prejudicial, most of the delays appear to have been attributable to docket congestion and scheduling issues, and defendant did not specifically assert his constitutional right to a speedy trial. There was no error.

Defendant next argues on appeal that he was denied the right to present a defense. In a pretrial motion in limine, the prosecution had moved to exclude any questioning related to Family Dollar's policy regarding shoplifters, arguing that the evidence was irrelevant and would confuse the jury. Defendant argued that Family Dollar had a clear store policy: "Do not block a shoplifter's way if he or she is attempting to leave the store." Defendant maintained that this policy was relevant because defendant's charges would have been simple retail fraud, but escalated to the level of unarmed robbery when a store employee violated the policy and confronted defendant, leading to his employment of force.[1] The trial court ruled that whether the store policy was violated and whether defendant committed unarmed robbery were "separable issues." The trial court reasoned that the focus should not be on the victim's actions that allegedly caused defendant to commit the crime. Thus, the trial court granted the motion in limine, excluding the evidence. Defendant challenges that evidentiary ruling on appeal, maintaining that the trial court's decision to exclude evidence relating to the store's policy regarding shoplifters denied him the right to present a defense.

This Court reviews for an abuse of discretion a trial court's ruling in limine to exclude evidence. *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012). "A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes." *Id.* Any preliminary questions of law, e.g., whether a rule of evidence precludes the admissibility of evidence, are reviewed de novo, bearing in mind that a court abuses its discretion when it admits evidence that is inadmissible as a matter of law. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

"A defendant has a constitutionally guaranteed right to present a defense." *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008), citing US Const, Am VI; Const 1963, art 1, § 20. "However, while the right to present a defense is a fundamental part of due process, it is not an absolute right, and [t]he accused must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *People v Kowalski*, 492 Mich 106, 139; 821 NW2d 14 (2012) (citations and quotation marks omitted; alteration in original).

Under MRE 402, "[e]vidence which is not relevant is not admissible." MRE 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of

---

[1] We note that this argument has no bearing on the second count of unarmed robbery, which pertained to defendant's physical interactions with a customer who joined the fray and confronted defendant.

consequence to the determination of the action more probable or less probable than it would be without the evidence." "Relevant evidence thus is evidence that is material (related to any fact that is of consequence to the action) and has probative force (any tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence)." *People v Sabin (After Remand)*, 463 Mich 43, 57; 614 NW2d 888 (2000). The evidence of the store's shoplifter policy was not material, nor did it have probative force.

"A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, *uses force or violence against any person who is present, or who assaults or puts the person in fear*, is guilty of" unarmed robbery. MCL 750.530(1) (emphasis added). Although it is relevant whether defendant used force or violence or committed an assault, it is entirely irrelevant whether and why the store employee, allegedly in violation of store policy, put herself in the position or situation of potentially being subjected to force, violence, or an assault. The fact that the store employee may have violated store policy with respect to shoplifters had absolutely no bearing whatsoever on the elements of the crime, see M Crim JI 18.2, nor did it provide defendant with any kind of a defense, affirmative or otherwise. Defendant's argument essentially blames the victim for his criminal behavior. While the store employee *could have* followed store policy, defendant *could have* backed off and been compliant when confronted and not proceed to commit unarmed robbery. Taken to its logical extreme, defendant's illogical argument would have provided him with a defense to murder had he shot the store employee in an effort to escape upon being confronted. In sum, the evidence of Family Dollar's shoplifter policy was not related to any fact of consequence to the case, nor did it have any tendency to make the existence of a fact of consequence more or less probable than it would be absent the evidence. Accordingly, the trial court did not abuse its discretion in excluding the evidence, and defendant was not denied his constitutional right to present a defense.

Affirmed.

/s/ Donald S. Owens
/s/ William B. Murphy
/s/ Joel P. Hoekstra

-3-