# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

OCIE LEE CARSWELL,

        Defendant-Appellee.

UNPUBLISHED
January 10, 2017

No. 329476
Oakland Circuit Court
LC No. 2015-254303-FH

Before: RIORDAN, P.J., and FORT HOOD and SERVITTO, JJ.

PER CURIAM.

The prosecution appeals as of right from the trial court's order dismissing the charges against defendant of felon in possession of a firearm, MCL 750.224f (felon-in-possession), possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*), and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We reverse and remand.

On appeal, the prosecution argues that the trial court erred in granting defendant's motion to dismiss the charges on the basis that defendant's right to a speedy trial was violated. We agree.

The determination whether a defendant was denied the right to a speedy trial presents a mixed question of fact and law. *People v Waclawski*, 286 Mich App 634, 664; 780 NW2d 321 (2009). We review the trial court's factual findings for clear error and the ultimate constitutional issue, a question of law, de novo. *Id.* A finding is clearly erroneous "if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.* at 645 (citation and internal quotation marks omitted).

"Both the United States Constitution and the Michigan Constitution guarantee a criminal defendant the right to a speedy trial." *People v Williams*, 475 Mich 245, 261; 716 NW2d 208 (2006), citing US Const, Am VI; Const 1963, art 1, §20; *People v Rivera*, 301 Mich App 188, 193; 835 NW2d 464 (2013); MCL 768.1 (codifying the right to a speedy trial); MCR 6.004(A). "In determining whether a defendant has been denied the right to a speedy trial, [courts] balance the following four factors: (1) the length of the delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *Williams*, 475 Mich at 261-262 (citation omitted); *Rivera*, 301 Mich App at 193. "Following a delay of eighteen months or more, prejudice is presumed, and the burden shifts to the prosecution to show that

there was no injury." *Williams*, 475 Mich at 262 (citation omitted); *Rivera*, 301 Mich App at 193. "When the delay is less than 18 months, the defendant must prove that he or she suffered prejudice." *Rivera*, 301 Mich App at 193. Where the defendant has incurred a violation of his or her constitutional right to a speedy trial, the charges must be dismissed with prejudice. *Waclawski*, 286 Mich App at 664-665.

As an initial matter, we recognize, as a matter of law, that the 20-month delay defendant pointed to in the trial court to support his speedy trial claim, beginning in May 2013, when the criminal complaint was filed and the arrest warrant was authorized, to January 2015, when defendant was arrested, is not legally recognized as a period of delay that violates the constitutional right to a speedy trial. Specifically, both the United States Supreme Court and the Michigan Supreme Court have held that "[t]he time for judging whether the right to a speedy trial has been violated runs from the date of the defendant's arrest." *Williams*, 475 Mich at 261, citing *United States v Marion*, 404 US 307, 312; 92 S Ct 455; 30 L Ed 2d 468 (1971); see also *Betterman v Montana*, ___ US ___; 136 S Ct 1609, 1614; 194 L Ed 2d 723 (2016) (recognizing the right to a speedy trial under the Sixth Amendment attaches "when a defendant is arrested or formally accused.") Because defendant's constitutional right to a speedy trial attached at the time of his arrest and arraignment, the asserted pre-arrest period of delay beginning when the complaint was filed will not, as a matter of law, support a speedy trial violation. *Williams*, 475 Mich at 261; *People v Patton*, 285 Mich App 229, 235-236; 775 NW2d 610 (2009). Additionally, "the events that occurred during that period [may not] form the basis for establishing prejudice to defendant." *Id*. at 236.[1]

Reversed and remanded for reinstatement of the charges against defendant. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto

---

[1] Our close review of the record confirms that in the trial court, defendant's argument concerning the violation of his right to a speedy trial hinged on the delay between the filing of the complaint and the arrest warrant and his arrest and arraignment. The trial court decided this issue on that basis. Accordingly, it is not necessary to further analyze whether any ensuing delay violated defendant's right to a speedy trial.