# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 16, 2017

Plaintiff-Appellant,

v

No. 329298
Wayne Circuit Court
LC No. 15-004873-01-FH

ORONDE GRAHAM,

Defendant-Appellee.

Before: WILDER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

The prosecution appeals as of right an order granting defendant's motion to dismiss the charges of second-degree home invasion, MCL 750.110a(3), two counts of fourth-degree child abuse, MCL 750.136b(7), and domestic violence, MCL 750.81(2), on the ground that the 180-day rule, MCL 780.131, was violated. We vacate the trial court's order, and remand for further proceedings.

Defendant was on parole on August 29, 2013, when he was involved in an incident that resulted in the police being called. Subsequently, defendant was charged with parole violations, and he ultimately pleaded guilty to two parole violations. As a result, defendant returned to prison.

On February 10, 2014, while defendant was in prison, the prosecution filed a complaint against him for the instant case, charging defendant for his conduct during the August 29, 2013 incident. The prosecution also issued a warrant for defendant's arrest on the same day. At that time, defendant was still incarcerated, but he was eventually granted parole again in May 2015. Defendant was arraigned on his warrant on May 29, 2015, and was bound over following a preliminary examination on June 12, 2015.

On August 8, 2015, defendant filed a motion to dismiss his case, arguing that the prosecutor violated the 180-day rule pursuant to MCL 780.131 and MCR 6.004(D). Defendant contended that the prosecution had knowledge of his incarceration after his warrant was issued, and thus, his case should be dismissed because more than 180 days elapsed between the issuance of his warrant and his arraignment. While he acknowledged that MDOC sent a "180-day letter"

-1-

to the prosecution almost a year and a half after the warrant had been issued, he argued that the purpose[1] of the 180-day rule was to allow a defendant an opportunity to serve his sentences concurrently while incarcerated. Therefore, the prosecution's failure to bring him to trial when it had knowledge of his incarceration had frustrated the purpose of the 180-day rule.

The prosecutor argued that she first received formal notice from MDOC regarding defendant on June 2, 2015, and the trial court stated that it would accept the truth of that fact. The trial court then proceeded by stating the purpose of the 180-day rule was to allow a defendant to serve an eligible sentence concurrently, apparently relying on defendant's argument regarding the statute's purpose. It then stated that it believed the prosecution was aware that defendant was in custody prior to receiving formal notice from MDOC. In response, the prosecutor explained that she had taken an opportunity to review defendant's file, and discovered a note in the file from the warrant prosecutor which indicated that the warrant prosecutor was aware defendant was in prison as of January 2014.

After this statement by the prosecutor, the trial court briefly observed that "literal compliance" with MCL 780.131 and MCR 6.004(D)(1) required formal notification to be sent from MDOC to the prosecutor "for the 180 days to run[.]" However, the trial court granted defendant's motion to dismiss because the prosecution had "actual notice" that defendant was in custody as of January 2014, and thus, the prosecution violated the 180-day rule by bringing defendant to court after June 2015.

On appeal, the prosecution argues that the trial court erred as a matter of law when it granted defendant's motion to dismiss because the 180-day rule was not triggered until the prosecution received formal notice from MDOC. We agree.

We review a trial court's decision on a motion to dismiss for an abuse of discretion, which exists when the decision falls outside the range of principled outcomes. *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). Legal issues regarding the 180-day rule are reviewed de novo. *People v McLaughlin*, 258 Mich App 635, 643; 672 NW2d 860 (2003).

MCL 780.131(1) provides:
Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in

---

[1] Defendant's argument relied on a quotation that stated the purpose of the 180-day rule from *People v Loney*, 12 Mich App 288, 292; 162 NW2d 832 (1968), however the Michigan Supreme Court overruled *Loney* and its progeny, because "the statute does not distinguish concurrent and consecutive sentencing on the pending charge." *People v Williams*, 475 Mich 245, 255; 716 NW2d 208 (2006).

which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

This Court has held that "[t]he clear language of MCL 780.131(1) provides that MDOC must send written notice, by certified mail, *to the prosecutor* to trigger the 180-day requirement." *People v Rivera*, 301 Mich App 188, 192; 835 NW2d 464 (2013). See also *People v Williams*, 475 Mich 245, 256; 716 NW2d 208 (2006) (holding that MCL 780.131(1) expressly provides that notice must be sent from the Department of Corrections to the prosecuting attorney to trigger the 180-day rule).

The trial court erred as a matter of law when it dismissed defendant's case. The parties do not dispute that the prosecution first received formal notice regarding defendant's incarceration from MDOC on June 2, 2015. As a result, the 180-day period began on June 3, 2015. See *Williams*, 475 Mich at 256-257 n 4 (stating that the 180-day period begins to run the day after notice is received). The prosecution promptly conducted defendant's preliminary examination on June 12, 2015, and a trial date was initially set for August 26, 2015. Thus, there was no violation of 180-day rule justifying the trial court's dismissal of defendant's case.

Defendant argues on appeal that the prosecution violated the 180-day rule because it had actual knowledge that defendant was in prison when it issued defendant's warrant. In support of this contention, defendant argues that the Michigan Supreme Court could have reached a different holding in *Williams* if, in that case, the prosecutor had actual knowledge that the defendant was incarcerated. However, defendant provides no authority in support of this speculation. And to the contrary, the Michigan Supreme Court has held in an order that a letter sent by MDOC to the prosecution before a defendant's warrant had been issued did not trigger the 180-day rule. *People v Henderson*, 497 Mich 988; 861 NW2d 50 (2015).[2] Therefore, the plain and unambiguous language of MCL 780.131(1) must be enforced as written. See *Williams*, 475 Mich at 250 (citation omitted).

---

[2] An order of the Michigan Supreme Court is binding precedent on this Court if it was a final disposition of an application, and if it "contains a concise statement of the applicable facts and the reason for the decision." *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993), citing Const 1963, art 6, § 6.

We vacate the trial court's order dismissing defendant's case, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly