*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 14, 2019

Plaintiff-Appellant,

v

No. 344399
Wayne Circuit Court
LC No. 17-008195-01-FH

JAY ANTOINE COOPER,

Defendant-Appellee.

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

The prosecution appeals as of right an order dismissing charges against defendant for violation of defendant's speedy trial rights. We reverse and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS

This case arises from a death caused when defendant's motor vehicle allegedly crashed into three parked cars on October 12, 2003. Lakisha Coleman ("Lakisha") received a call that her brother, Jonathan Coleman ("Jonathan") was in an accident. Lakisha arrived at the scene of the accident and saw that Jonathan and defendant were in defendant's vehicle. Defendant was in the driver's seat of the vehicle, and Jonathan was in the passenger's seat. Jonathan was unresponsive and the fire department removed Jonathan from the vehicle using the jaws of life. An autopsy later concluded that the car accident caused Jonathan's death.

On August 29, 2006, a magistrate judge signed a felony warrant and complaint, charging defendant with operating a motor vehicle while intoxicated causing death, MCL 257.625(4)(a), and manslaughter with a motor vehicle, MCL 750.321. However, though the events giving rise to the charges occurred in 2003 and the arrest warrant was issued in 2006, defendant was not arrested until July 2017. He was living in Virginia at the time.

-1-

Defendant filed a motion to dismiss based on a violation of his constitutional right to a speedy trial.[1] Applying the speedy trial factors articulated in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), the trial court determined that the 14 year delay between the offense and the arrest, including the 11 year delay between the issuance of a warrant and the arrest, created a presumption of prejudice. The trial court found that the prosecution did not state a reason for the delay, and that defendant had asserted his right to a speedy trial from the beginning of the case. The trial court also acknowledged defendant's arguments relating to prejudice arising from the delay that: (a) the vehicles were not available for inspection, (b) the physical evidence at the scene of the accident was no longer available, (c) defendant's medical records were destroyed, and (d) defendant could not cross-examine the people who drew and analyzed his blood at the hospital. The trial court concluded that defendant's right to a speedy trial was violated and dismissed the charges against defendant.

## II. ANALYSIS

The prosecution argues that the trial court erred when it determined that the delay period for defendant's speedy trial claim started either at the date of the offense or the date of the issuance of the complaint and warrant. We agree.

"The determination whether a defendant was denied a speedy trial is a mixed question of fact and law." *People v Waclawski*, 286 Mich App 634, 664; 780 NW2d 321 (2009). "The factual findings are reviewed for clear error, while the constitutional issue is a question of law subject to review de novo." *Id.* This Court reviews a trial court's ruling regarding a motion to dismiss for an abuse of discretion. *People v Campbell*, 289 Mich App 533, 535; 798 NW2d 514 (2010). "A trial court may be said to have abused its discretion only when its decision falls outside the range of the principled outcomes." *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012).

A defendant's right to a speedy trial is guaranteed by the United States and Michigan Constitutions, as well as by statute and court rule. US Const, Am VI; Const 1963, art 1, § 20; MCL 768.1; MCR 6.004(A). "In determining whether a defendant has been denied the right to a speedy trial, we balance the following four factors: (1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *People v Williams*, 475 Mich 245, 261-262; 716 NW2d 208 (2006), citing *Barker*.

In the trial court, the prosecutor twice conceded that the first of the four *Barker* factors – the length of the delay between the crime and defendant's actual arrest – created a presumption of prejudice. "When the delay is less than 18 months, the defendant must prove that he or she suffered prejudice." *People v Rivera*, 301 Mich App 188, 193; 835 NW2d 464 (2013). However, prejudice is presumed after a delay of 18 months or more, which shifts the burden to the prosecution to rebut the presumption. *Waclawski*, 286 Mich App at 665. Specifically, in the prosecution's response to defendant's motion to dismiss, the prosecution stated: "The People

---

[1] Defendant specifically abandoned his claim that the pre-arrest delay violated his due process rights.

concede the length of time exceeds the 18 month period of time in which the burden shifts to the People to explain." Additionally, at the initial hearing on defendant's motion to dismiss, the following exchange occurred:

> *The Court*: I don't think I have enough facts at this point to find that the— certainly there has been a delay. I think the first element is satisfied.
>
> *Mr. Beadle*: I think I conceded that in the brief, did I not? I think I did.
>
> *The Court*: I'm pretty sure you did.

While conceding that factor one weighed in defendant's favor, the prosecution focused on the other three remaining factors and argued that defendant's speedy trial rights were not violated.

The prosecution now takes the opposite position on appeal. It focuses exclusively on the first *Barker* factor and argues that the trial court erred when it determined that the delay period commenced either on the date of the offense or the date of the issuance of the felony complaint and warrant. We recognize the prosecution's inconsistent position but conclude that the inconsistency is not an impediment here, where the issue is one of law. "A 'stipulation' . . . is an agreement, admission or concession made in a judicial proceeding by the parties or their attorneys, respecting some matter incident thereto. Its purpose is generally stated to be the avoidance of delay, trouble, and expense." *Staff v Johnson*, 242 Mich App 521, 535; 619 NW2d 57 (2000) (citations omitted). "Stipulations of fact are binding, but stipulations of law are not binding." *Id*. Although the prosecution twice stipulated that the length of the delay exceeded 18 months, the prosecution's concessions were premised on a misapprehension of the correct legal standard to determine when the delay period commences for a speedy trial violation.

Turning to the merits of the prosecutor's appeal, the trial court cited both the 14 year period between the offense and defendant's arrest, and the 11 year period between the issuance of the warrant and defendant's arrest when it calculated the length of the delay. The prosecution argues that the trial court used the wrong date in determining when the delay period for a speedy trial violation commenced. We agree.

We find defendant's reliance upon *Doggett v United States*, 505 US 647; 112 S Ct 2686; 120 L Ed 2d 520 (1992), misplaced. In *Doggett*, our United States Supreme Court determined that a delay of 8½ years between the defendant's indictment and his arrest violated his Sixth Amendment right to a speedy trial. *Id*. at 648. Although the Supreme Court determined that the delay between the defendant's indictment and arrest violated his right to a speedy trial, the Supreme Court reaffirmed the rule that "the Sixth Amendment right of the accused to a speedy trial has no application beyond the confines of a formal criminal prosecution. Once triggered by arrest, indictment, or other official accusation, however, the speedy trial enquiry must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice that *Barker* recognized." *Id*. at 655.

Our Michigan Supreme Court has also confirmed that "[t]he time for judging whether the right to a speedy trial has been violated runs from the date of the defendant's arrest." *Williams*, 475 Mich at 261, citing *United States v Marion*, 404 US 307, 312; 92 S Ct 455; 30 L Ed 2d 468 (1971). In fact, "[a] formal charge against, or restraint of, the accused is necessary to call the

right to speedy trial into play." *People v Rosengren*, 159 Mich App 492, 506 n 16; 407 NW2d 391 (1987) citing *Marion*. In Michigan, a criminal prosecution is initiated with the filing of an information or by grand jury indictment. In this case, the prosecution issued a complaint and a warrant, which do not trigger a criminal prosecution. Instead, the criminal prosecution for speedy trial purposes was triggered when defendant was arrested.

Defendant was arrested in July 2017. The trial court dismissed the charges on June 1, 2018. Therefore, the length of the delay was approximately 11 months. See *Rivera*, 301 Mich App at 194 (calculating the length of the delay as the time between arrest and dismissal of the charges). The trial court erred when it shifted the burden to the prosecution to rebut the presumption of prejudice because the length of the delay was less than 18 months. *Waclawski*, 286 Mich App at 665. As such, the trial court erred when it used an incorrect date for calculating the length of the delay, and again erred when it improperly shifted the burden to the prosecution to rebut the presumption of prejudice, because the delay was for less than 18 months.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly